|2CRAIN, Judge.
Howard Clay Porter was driving a motorcycle in a southerly direction on Southwood Drive in Ascension Parish. While attempting to cross a bridge on Southwood Drive, Porter lost control of the motorcycle. It eventually came to rest approximately 174 feet from where Porter initially lost control. Porter suffered personal injuries as a result of this accident. He subsequently instituted this personal injury action against the Ascension Parish Police Jury (Police Jury) alleging the crash was caused by the condition of the roadway. After a bench trial on the merits, judgment was rendered in favor of defendant.
In written reasons for judgment the trial court found that when the accident occurred plaintiff was exceeding the posted speed limit by approximately 20 miles per hour; plaintiff failed to meet his burden of proving there was a defect in the road that caused the accident; and plaintiff failed to prove that if a defective condition did exist on the roadway, the Police Jury had actual or construe- *711 tive knowledge of the defect as required by La.R.S. 9:2800. Plaintiff has appealed alleging as his sole assignment of error the trial court’s finding that plaintiff did not prove defendant had actual or constructive knowledge of the alleged defective condition.
We note initially that plaintiff has faded to allege as error the trial court’s findings regarding the excessive speed at which plaintiff was traveling and plaintiff’s failure to prove the accident was caused by an alleged defect in the road surface. After review of the record we conclude the trial court was not manifestly erroneous in these findings. If the alleged defect in the roadway was not a cause of the accident, there is no liability on the part of the Police Jury. However, for purposes of addressing the error assigned we will assume that the trial court found that a defective condition existed in the roadway and this condition was the cause of the accident.
In order to prove the liability of a public entity based on a defective condition of a bridge or roadway the plaintiff must prove lacustody or ownership of the defective thing by the public entity; the defect created an unreasonable risk of harm; actual or constructive knowledge of the defect or risk of harm and failure by the public entity to take corrective action within a reasonable time; and causation. Valet v. City of Hammond, 577 So.2d 155 (La.App. 1st Cir.1991). Pursuant to La.R.S. 9:2800(B):
“[N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2817 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.”
Constructive notice is statutorily defined to mean “the existence of facts which infer actual knowledge.” La.R.S. 9:2800(C). The trial court’s findings regarding causation, the existence of a defective condition and actual or constructive knowledge are subject to the manifest error standard of review. See Sud-duth v. State, Department of Transportation & Development, 619 So.2d 618 (La.App. 3d Cir.1993).
Plaintiff testified that just prior to the accident he had crossed this same bridge on Southwood Drive heading in a northerly direction. He was on his way to a nearby convenience store. The accident occurred during the return trip as he was heading in a southerly direction. Porter testified that as he approached the bridge he slowed down because he knew the bridge was old. He stated that as he slowed down,
“there was a bump. A real deep pothole before the bridge. And I hit that and it seems like I lost control. I started losing control as I was declining in speed. My wheel started turning like this and then all ... some of the boards was kind of raggedy but I ... I was still slowing down and I was still losing control. And after I went over the bridge, I hit gravel and more potholes and I just started flipping and there was just no way I could ... I could catch myself.”
Plaintiff also introduced two photos of the road surface showing a pothole and the “bumps” caused by overfilled asphalt. When queried, plaintiff stated he did not recall ever telling emergency room ^personnel that he lost control on gravel after going across a bridge at 45 to 50 miles per hour. When further questioned by the trial court, he replied that he could have made such statements due to the severe pain he was experiencing while in the emergency room immediately after the accident.
The only other testimony regarding the condition of the roadway was that of Neal Bourgeois, the investigating officer. Bourgeois testified that in the course of his investigation he interviewed plaintiff on the night of the accident. Plaintiff stated to Bourgeois that: he lost control of the cycle when he crossed the bridge; he might have hit some loose gravel; he was going 45 miles per hour at the time of the accident; and just prior to the accident he had driven the motorcycle through the same portion of the road traveling in the opposite direction and had been told to “slow down” by people in an adjacent *712 subdivision. Bourgeois further stated that the posted speed limit for Southwood Drive is 25 miles per hour; that the road surface condition was “bumpy” due to excess asphalt patches which resulted from previous attempts to repair potholes; and there was loose gravel on the roadway as described by Porter. On the police report Bourgeois listed both road condition and driver error as contributing factors to the accident. There was no testimony to the effect of the length of time that the roadway was allegedly defective and whether the Police Jury had actual or constructive knowledge of these alleged defects.
In written reasons for judgment the trial court stated:
“The only evidence at trial as to the defective condition of the parish roadway was two (2) photographs of Southwood Drive and the plaintiffs ‘self-serving’ testimony. The plaintiff failed to call the driver of the motorcycle who was behind the plaintiff on the day of the accident nor did he call any person, expert or lay witness to testify as to any defective condition of Southwood Drive. He did not call any person that resided along Southwood Drive to testify as to the condition of the road. No one testified as to whether the police jury had actual or constructive knowledge of the defect.”
If, in reviewing the record, the reviewing court finds the trial court’s findings of fact are reasonable in light of thej&record in its entirety, the reviewing court must not reverse even if convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. Further, where two permissible views of the evidence exist, the trial court’s choice between them cannot be manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1993). A review of the record reveals a reasonable basis for the trial court’s findings regarding whether the Police Jury had actual or constructive knowledge of the alleged defect. We cannot say the trial court’s determination in this regard was manifestly erroneous. Accordingly, we affirm the judgment of the trial court. Costs of this appeal are assessed against plaintiff.
AFFIRMED.