pDECUIR, Judge.
Plaintiffs appeal a judgment of the trial court finding no liability on the part of the State of Louisiana, through the Department of Transportation and Development. For the reasons that follow, we affirm.
' FACTS
On August 3, 1995, at approximately 7:00 p.m., Alan J. Landry was driving a Chevy Camaro south on Louisiana Highway 415. The car was a demonstrator owned by Landry’s employer, New Roads Motor Company. The weather was cloudy, and the asphalt roadway was wet.
Mark, Veronica, and Matthew Hancock were traveling north on La. Hwy 415. Landry entered a large curve in the roadway, and his vehicle crossed the centerline, colliding with the vehicle driven by Mark Hancock. The collision took place in the northbound lane of travel. Landry was cited for reckless operation by State Police.
The Hancocks filed suit against several parties including DOTD. The case was tried to a jury, which rendered judgment in favor of DOTD and assessed 100% fault to defendant, Landry. The Hancocks filed a'motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. The motions were denied. The Hancocks lodged this appeal.
FAULT OF DOTD
The Hancocks allege the jury was manifestly erroneous in failing to assess fault to DOTD, and the trial court erred in denying their motion for judgment notwithstanding the verdict. We disagree.
An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Stobart v. State, Through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993). In order to reverse a trial court |afinding, the appellate court must first find that no reasonable factual basis exists for the finding and then determine that the record establishes that the finding is clearly wrong. Lewis v. State, Through DOTD, 94-2370 (La.4/21/95), 654 So.2d 311. Moreover, an appellate court cannot overturn a finding which is reasonable based on the record, even if it would have found differently had it been sitting as the trier of fact. Id.
In order to establish liability on the part of a public entity based on the defective condition of a roadway, the plaintiff must establish that the entity had ownership or custody of the roadway, the condition of the roadway created an unreasonable risk of harm, and the entity had actual or constructive knowledge of the defect and failed to correct the defect within a reasonable time. Porter v. Ascension Parish Police Jury, 93-2166 (La.App. 1 Cir. 10/7/94), 644 So.2d 710. In addition, the plaintiff must establish a causal connection between his damages and the fault of the defendant. Id.
At trial, both the Hancocks and DOTD presented the testimony of expert witnesses regarding the degree of the curve in question and the need for DOTD to place warning signs. On appeal, the Hancocks rely on Vervik v. State, Through Dep’t of Transp. & Dev., 302 So.2d 895 (La.1974), to support their contention that the expert testimony established that DOTD should be held liable based on its *167 failure to sign the curve. Vervik, however, differs from the case before us in a significant way. Vervik involved a one-car accident, and the court determined that DOTD’s failure to sign was the only cause of the accident. The case before us involves a two-car accident. The jury heard testimony that established oversteering by Landry as the cause of the accident. This evidence was buttressed by testimony from the state trooper investigating the accident regarding Landry’s ability to safely navigate the!¿curve at a high speed. In addition, DOTD’s expert described tests he conducted wherein he successfully navigated the curve at speeds equal to and higher than Landry’s speed under conditions similar to those at the time of the accident.
Given this testimony, the jury could have reasonably concluded that the Han-cocks failed to carry their burden of proof as to causation. Accordingly, we find no manifest error in the jury’s finding that DOTD was not liable for the plaintiffs’ damages. In determining whether a trial court erred in denying a motion for JNOV, we ask, “[D]o the facts and inferences point so strongly and overwhelmingly in favor of the mover that reasonable men could not arrive at a contrary verdict?” Anderson v. New Orleans Pub. Serv. Inc., 583 So.2d 829 (La.1991). The jury’s verdict and our affirmation thereof demonstrate that “reasonable men in the exercise of impartial judgment [did] reach a different conclusion.” Id. at 832. Accordingly, the trial court’s denial of the motion for judgment notwithstanding the verdict was proper.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants.
AFFIRMED.