JaREMY CHIASSON, Judge Pro Tem.
Darryl Franatovich, plaintiffi'appellant, sued Diana Necaise, her employer Deep South Trucking, Inc. and their insurer USF & G [1], defendants/appellees, for damages resulting from a truck automobile collision in Jefferson Parish. Following a trial by jury, the trial court rendered judgment in favor of plaintiff and against defendants in the amount of $2,700.00. Plaintiff appeals. We affirm.
Liability is not contested. The issue on appeal is whether the jury erred in awarding plaintiff $2,700.00. Plaintiff contends he suffered an aggravation of a preexisting back injury which resulted in two and one-half years of treatment for a significant back injury. Plaintiff contends the medical testimony of his three treating physicians and defendants’ doctor who saw him one time just before trial established that the accident aggravated a preexisting condition and caused plaintiff’s injuries. Because of the injury, plaintiff cannot [3perform his duties as a sheet metal mechanic for Avondale Shipyards and has suffered both physical pain and economic loss. Thus, according to plaintiff, the jury award is clearly wrong, must be reversed and the damage award increased.
Defendants contend the jury properly found plaintiff was not seriously injured in the accident and that his back problems, if any, were not the result of this minor accident. Additionally, defendants contend plaintiffs problems resulting from the accident were limited to a cervical injury which resolved in approximately eight weeks. Thus, according to defendants, the jury award should be affirmed.
*747 The standard of appellate review was set forth by the Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) and more recently restated in Lewis v. State Through Dept. of Transp. and Development, 654 So.2d 311, 94-2370 La. 4/21/95 (La.1995). In Lewis, the Supreme Court stated:
An appellate court may not set aside a trial court’s or jury’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Mart v. Hill, 505 So.2d 1120 (La.1987), this court stated the two-tier test for reversal on appellate review:
(1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
A reviewing court must do more than simply review the record for evidence which supports or controverts the trial court’s findings. It must review the record in its entirety to determine whether the trial court’s findings were clearly wrong or manifestly erroneous. Stobart, at 882. Also, the reviewing court must ascertain whether the factfinder’s (trial court) conclusions were reasonable. Even when an appellate court may feel that its own evaluations are more reasonable than the factfinder’s, reasonable determinations and inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990) this court stated “the appellate court’s disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact”, citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
Additionally, a reviewing court must keep in mind that if a trial court’s or jury’s findings are reasonable based upon the entire record of evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991). In Stobart supra, it was stated that the basis for this well settled principle of review is grounded not only upon the trial court’s better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Where there are two permissive views of evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
On the afternoon of September 10, 1992, plaintiff left work at Avondale on the west-bank of Jefferson Parish and was travelling home during rush hour traffic via Jefferson Highway to Causeway Boulevard. At that intersection, defendant began to merge from the middle lane to the right lane so she could then enter the northbound Causeway Boulevard on ramp. As she merged, the lug nuts of her front right wheel scraped the left side of plaintiffs car. Attempting to avoid further impact, plaintiff steered his vehicle to the right, away from defendant’s truck.
Apparently not realizing she was in an accident, defendant continued onto northbound Causeway Boulevard. Plaintiff followed and stopped defendant on Causeway Boulevard then summoned the police. During the three hour wait for police to arrive, an ambulance stopped and the emergency medical technicians inquired if anyone needed medical attention. Although Plaintiff advised he was not injured, later that evening he sought treatment at Chalmette General Hospital for bilateral shoulder pain and neck pain. He was given pain medication for his shoulder and neck. Plaintiff took the next day off of work and returned to work at Avondale Shipyards the following day.
Following his visit to Chalmette General Hospital, plaintiff sought treatment from his family physician and subsequently by orthopedic physicians due to continued complaints of back pain. The evidence established plaintiff suffered with a preexisting degenerative disk in his back that did not cause him problems prior to this accident. Plaintiffs treating physicians testified that *748 this condition was aggravated by the accident. This opinion is based on plaintiffs history that prior to the accident he had no pain and that the onset of | spain began after the accident. However, the jury was presented evidence that plaintiff continued to work for more than one year after the accident as a sheet metal mechanic at Avondale. During this time, plaintiff was able to perform all his work duties and was able to crouch, crawl, stoop, lift, bend and climb. He worked slightly more hours the year following the accident than he did the year before and missed six days of work post accident. Further, he never complained to his supervisor or work physicians that he was having any difficulty in performing his duties due to a back injury. Additionally, he continued to perform his job in a satisfactory manner. Based on his subjective complaints of pain, plaintiff’s physicians placed work limitations on him and also limited the extent of the eventual vocational testing he performed before trial. Further, plaintiff did not attend vocational training or job counselling. Thus, the jury was presented with evidence that plaintiffs injuries from the September 1992 accident were not as severe as he contends and that the injuries he complains of may have been simply the natural deterioration process.
We find there are reasonable factual bases in the record to support the jury’s findings. The jury’s conclusions are reasonable and our review of the entire record does not reveal the jury’s findings in this regard were clearly wrong.
DECREE
For the forgoing reasons, the judgment of the trial court is affirmed. Plaintiff to bear all costs of this appeal.
AFFIRMED.

. Franatovich also sued his underinsured motorist carrier State Farm Automobile Insurance Company; however, they were apparently dismissed prior to trial.