MARVIN, Judge.
Plaintiff — a member of the defendant association — appeals from a judgment rejecting his demands to enjoin the enforcement of an association bylaw which imposes conditions on a member’s sale of his privilege or right of selling a specified daily quantity of milk to the association. We affirm.
The association, made up of individual milk producers, assigns to each of its members the right or privilege of selling to the association a specified daily quantity of milk for resale by the association to dairy processors. This is called the member’s “base.” The association periodically negotiates with dairy processors for the price and the daily quantity of milk desired by each processor.
When plaintiff joined the association in 1973, the bylaw in question allowed a member to sell his base with but few restrictive conditions. In 1975, an amendment to the bylaw, passed by the membership of the association, increased the conditions imposed upon the sale of a member’s base by providing that the base could be sold only on a certain form containing pertinent regulations of the association and requiring that the Board of Directors of the association formally approve the sale.
Plaintiff was among 175 members who voted for the 1975 bylaw amendment as against five members who voted against. Plaintiff does not contend that the amendment was enacted without authority or that *1004 its enactment was procedurally defective. His contention is that the bylaw should not be given retroactive effect because it would unconstitutionally impair his vested “property” right to transfer his base under less restrictive conditions in effect before the 1975 amendment when he became a member in 1973. Plaintiff concedes that he did not submit to the Board of Directors the form required for approval of the sale of his base.
We do not find the bylaw in question to have been retroactively applied so as to unconstitutionally impair any vested right or contract plaintiff had with the association. Plaintiff’s base and right of disposition were creatures of the association. Plaintiff’s rights were subject to the greater right or power of the association through its membership, to modify the rights it created. The amended bylaw was clearly intended to apply to a sale of a member’s base arising after the amendment even though the base as a property right of a member, was created before. Plaintiff did not attempt to exercise his right of disposition until after enactment of the bylaw.
Even should we have found that the bylaw was retroactively applied, retro-activity is not always synonymous with unconstitutional impairment. Bylaws are to be construed in accord with principles applicable to the construction and interpretation of statutes and contracts. If the bylaw or statute is not otherwise legally forbidden, the greater and inherent power of the corporate body (in this case the association) to modify rights it has created must be weighed against the constitutional limitation of impairment of contract. The motive, the policy, the object that characterizes the legislative act must be looked to. Every modification of a contractual right or the alteration of the manner of exercising rights or privileges does not amount to a violation of constitutional prohibitions against contractual impairment. See City of El Paso v. Simmons, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965). Here, the association did not repudiate or destroy the base it had created or deny any means of its members exercising rights or privileges of disposition. The bylaw simply requires that the regulations of the association pertaining to the base be contained in a transfer form under which the base may be sold and that the sale be approved by the Board of Directors. The bylaw additionally provides means to protect against the arbitrary or unreasonable withholding of approval of a sale of a member’s base by requiring a hearing before the Board if approval is withheld. Under these circumstances, enforcement of the bylaw will be upheld.
At appellant’s cost, AFFIRMED.