hSTEWART, Judge.
This appeal arises from the Twenty-First Judicial District Court, St. Helena Parish, the Honorable James D. Johnson, Wayne Ray Chutz, and Bruce C. Bennett, presiding. The DEMCO Board of Directors (the Board) appeals the trial court judgment in favor of the appellee, Helen B. Carter (Carter) finding that Carter was wrongfully prohibited from seeking candidacy for the Board and that Carter was eligible to serve as a member of the Board. On August 4, 1994, this court, in Helen B. Carter v. Dixie Electric Membership Corp., et al., 26,209 (La.App.2d Cir.8/4/94), remanded the case to the trial court with instructions to take additional evidence of the actions taken by the Board in revising its by-laws, to take any other evidence relevant to this dispute and to decide, within 60 days of the remand order, the effect of such evidence. Due to the death of the original trial judge, the trial court did not render a judgment on remand until November 17, 1995. The judgment found that the amendment of the by-laws made by the DEMCO membership have no effect whatsoever on this litigation.
The appellants filed the instant appeal of the issues decided in the remand judgment. In addition, the appellants re-urge seven assignments of error contained in their Original Brief in No. 26,209-CA and refer this court to the arguments contained in the Original Brief. We reverse and render.
FACTS
The appellee, Helen B. Carter (Carter), alleges that she was wrongfully prohibited from seeking candidacy for the DEMCO Board of Directors (the Board). The dispute arose out of the interpretation of DEMCO’s 1989 by-laws as amended (hereinafter referred to as “Old By-laws”) which were in effect when Carter sought to qualify for election to the Board. The Old By-laws prohibited an elected public official from serving on the Board and further provided that as to joint memberships between husband and wife, both must meet all of the 12qualifications for either to serve. Carter’s husband is the Honorable Burrell Carter of the First Circuit Court of Appeal. Carter contends that she has a separate membership from that of her husband and that because her membership is separate, she is eligible to seek election.
Carter also contends that Richard Sitman, the incumbent for the Board seat, is not qualified because the Old By-laws prohibited a director from being primarily engaged in the sale of electric and plumbing supplies to members of DEMCO.
The DEMCO Board determined that Carter had a joint membership with her husband and was therefore not qualified to run. The Board also determined that Sitman was not primarily engaged in the sale of electric supplies and apparatus to DEMCO members because less than half of his sales were of electric and plumbing supplies to DEMCO members.
Carter instituted this action February 19, 1993, against DEMCO, Henry D. Locklar, General Manager of DEMCO and Richard Sitman, individually and as a member of the DEMCO Board of Directors (“Appellants.”) Carter sought to obtain an order compelling the Board to issue her a nominating petition in order that she might gather the requisite signatures as required by the DEMCO bylaws to qualify for the Board. Carter also sought an order compelling the Board to prohibit Sitman, whose candidacy the Board had approved, from qualifying for the DEM-CO Board seat.
In April 1993, after trial on the merits, the trial court ruled in favor of Carter, finding that she did have an individual membership in the cooperative and was eligible to serve as a member of the Board. The trial court also found that Sitman, the only other qualifier, was ineligible to serve as a member of the Board of Directors because he violated bylaws prohibiting a director from being ^primarily engaged in the sale of electric and plumbing supplies to members of DEMCO. The appellants filed a suspensive appeal and filed briefs with this court.
Pending a decision by this court, DEMCO revised its by-laws in 1994 and moved this court to have the matter declared moot. This court remanded the matter to the trial court with directions to receive into evidence documentation of the actions taken by DEM- *694 CO in revising its by-laws, along with any other relevant evidence, and to decide the effect of the changes to the by-laws.
On remand, the trial court found that the 1994 amendment to the by-laws (hereinafter referred to as “New By-laws”), although validly implemented, had no effect on the 1993 judgment previously rendered. The trial court specifically “reiterated and incorporated” in extenso the 1993 judgment and declared it to be in full force and effect and not moot. The appellants appeal, asserting nine assignments of error.
We find that the central issue in this ease is whether Carter has a joint membership or a separate membership under the old bylaws. A determination that Carter’s membership is a joint membership would render all of the remaining assignments of error moot, except the assignment of error regarding Sitman’s eligibility to serve as a director.
CARTER QUALIFIED TO SEEK CANDIDACY FOR THE DEMCO BOARD
In assignment of error number six, the appellant asserts that the trial court erred in finding that Carter had a separate membership from her husband, that Carter was not prohibited from seeking a director position despite the fact that her husband was an elected public official and that Carter was qualified to seek candidacy for the Board. DEMCO is a private corporation.
|4The appellee counters that although Louisiana has no case directly on point, other jurisdictions have recognized that rights under a corporate charter or by-law may not be infringed on by a later revision or amendment. Carter urges that a corporation’s bylaws are similar to statutes or ordinances and, as such, are to be construed in accord with principles applicable to the construction and interpretation of statutes. She therefore argues that the rule that substantive laws can be applied only prospectively must also apply to by-laws.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to determine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989); Collier v. Southern Builders, Inc., 606 So.2d 885 (La. App. 2 Cir.1992).
Carter, a past director, testified that she was a member of the Board for six years and that she received a copy of the by-laws when she became a member. Carter further testified that in 1989 when the by-laws were amended she received a ballot to vote, and that she felt sure she voted. The by-laws put all on notice that the by-laws may be amended at any time. Therefore, Carter is charged with the knowledge that the by-laws might be amended by the Board.
Carter does not contend that the amendment was enacted without authority or that its enactment was procedurally defective. In fact, the trial court stated in its Supplemental Reasons for Judgment that the defects that were found were “harmless errors which did not affect the outcome of the actual by-law election.” The by-law provision in question was enacted by the Board in 1989, by a vote of DEMCO members and is set forth below:
IsArticle I, Section 3:
“An application for membership in the cooperative, pursuant to Article I, Section 1, by a married person shall constitute a joint membership in the cooperative. The term ‘member’ as used in these By-laws shall be deemed to include a husband and wife and any provisions relating to the rights and liabilities of membership shall apply equally with respect to a husband and wife.”
As a member at the time the By-laws were amended, Carter was not only governed and controlled by the amendments, but was subject to such modifications and restrictions as should come from time to time to meet new and changing conditions. The records reflects testimony that the by-laws were amended to facilitate ease of people voting, problems with accounting procedures, administrative procedures and to address a difference of opinion with the interpretation of married members membership status, resolv *695 ing issues with prior wording of the by-laws. The by-laws amendment was intended to convert the memberships of all married persons to joint memberships, curing these and other problems.
The members of the Board have the authority to amend their by-laws. Article XII of the by-laws provide:
“These By-laws may be altered, amended or repealed by the members of the Cooperative at any regular or special meeting; provided that if such alteration, amendment or repeal is to be considered at a special meeting, notice of the special meeting shall contain a copy of the proposed amendment, alteration or repeal to be considered.”
Where the reservation of authority to amend the by-laws of a organization is clear the right to have the membership continue as originally provided is not vested or fixed beyond the possibility of reasonable changes to meet new conditions. It is reasonable to expect that the by-laws of an organization from time to time might change and that the amendments would be applicable to the existing members. Corporations have the power to make and alter by-laws, not | ¡¡inconsistent with its articles of incorporation or with the laws of this state, for the administration and regulation of the affairs of the corporation. La. R.S. 12:28;18A Am Jur 2d, Corporations § 314.
In Tilly v. North Louisiana Pure Milk Producers Assoc., Inc., 349 So.2d 1002 (La. App. 2 Cir.1977), a member of an association of milk producers sought to enjoin the enforcement of the association by-law imposing conditions on a member’s sale of his privilege or right of selling milk to the association. This court held that the by-law requiring that regulations of the association pertaining to such privilege to sell milk be contained in a transfer form under which the privilege might be sold and that the sale be approved by the board of directors, with hearing before the board if approval was withheld, did not unconstitutionally impair any vested right or contract plaintiff had with the association, though imposing more restrictive conditions than were in effect when plaintiff became a member of the association.
Likewise, in the instant case, Carter’s rights were subject to the greater right or power of the Board through its membership, to modify rights it created. “Every modification of a contractual right or the alteration of the manner of exercising rights or privileges does not amount to a-violation of constitutional prohibitions against contractual impairment”. Tilly, supra at 1004. See City of El Paso v. Simmons, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965). The general exercise of the right to amend the by-laws of a corporation, a limited right, should be confined to administrative policies and affairs of the corporation, the relations of members and officers with the corporation and among themselves, and like matters of internal concern. The reserved right to amend by-laws must be construed as referring only to reasonable amendments and not to such amendments as would materially alter the charter ■ ^contract or impair or destroy a basic contractual or vested right, such as amendments impacting plans of insurance, altering consideration to be received upon redemption of share, or the right to receive upon termination of his membership the fair book value of his shares under the by-law in effect when he purchases his stock. Lambert v. Fishermen’s Dock Cooperative, Inc. (1972) 61 N.J. 596, 297 A.2d 566, 61 ALR3d 967.[1]
We find that the by-laws provide notification that whatever rights are given to members are subject to change. It is unreasonable to expect that by-laws must never modify or vary the privileges or rights of the members of the organization, to enforce such a principle would mean that no valid amendment of a by-law could be established. By-Laws are regulations or rules adopted by an association or corporation to govern the conduct of its internal affairs and may adjust to changing business conditions and needs.
Furthermore, we disagree with the analysis and application of the Tilly, supra, ease in the trial court determination that Carter has *696 a contractual right under the corporate bylaws to seek a position on the Board of Directors, particularly in defiance of a properly expressed will of the majority. More importantly, there is a distinction between by-laws that govern internal affairs and those that impair or divest members of property rights. The Tilly case does not stand for the proposition that the right to seek a director position is a vested right that maybe constitutionally impaired. The Tilly ease deals with the effect of a by-law that is contractual in nature and designed to vest property rights.
When a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, Rif it can, to render judgment on the record by applying the correct law and determining the essential facts de novo. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993), on remand, 91-459 (La. App. 3rd Cir.03/02/94), 634 So.2d 1354; Oliver v. Central Bank, 26,932 (La.App. 2 Cir. 5/10/95), 658 So.2d 1316. Accordingly, our de novo review of the record is in order.
Applying the correct law, we conclude that the corporate Charter, Articles of Incorporation, and By-laws may be amended by the manner therein specified or as provided by statute, if no corporate obligation or vested right is thereby impaired or destroyed. Members are on notice that the qualifications to seek nomination maybe changed since state Corporation law, Articles of Incorporation, and By-laws authorize amendments to the by-laws. When Carter sought to qualify for election to the Board the amendment clarifying that spouses had only one membership was on the books.
Carter does not have a vested right to seek nomination for election to the Board. The exclusion of public servants from the DEMCO Board of Directors is reasonable. However, Carter is not actually disqualified as a spouse of a public official. She is disqualified because the Carter’s have a joint membership and not separate memberships as Carter claims. The record shows that the motive, the policy, and the object that characterizes the by-laws amendment is reasonable, involves internal governance of the corporation, and is not aimed to accomplish an ulterior purpose that can be denominated as inequitable. We find that the trial court erred in concluding that Carter was qualified to seek candidacy under the old by-laws.
SITMAN DISQUALIFIED FROM DISTRICT 10 SEAT ON THE BOARD
In assignment of error number nine, the Board asserts that the trial court erred in finding Sitman disqualified from his District 10 seat on the board. In its 1 g!993 judgment, the trial court held that Sitman was primarily engaged in the sale of electric supplies to DEMCO members and therefore was ineligible to serve as a director. The appellants continue to challenge this finding because the 1994 judgment incorporates within it the 1993 judgment.
Carter contends that Sitman is employed and financially interested in a company primarily engaged in selling electrical or plumbing appliances, fixtures, or supplies to the DEMCO contrary to the by-laws, Article IV, § 2(b). Carter argues that she is entitled to the three-year term for which she was the only qualified applicant.
In the instant case, the 1989 by-laws set forth the qualifications which must be met before a member may seek nomination for election to the Board.
Article IV, Section 2(b) provides:
As to any person first elected to the Board of Directors in the year 1978 or thereafter, no person shall be eligible to become or remain a director or to hold any position of trust in the Cooperative, who:
(b) Is in any way employed or financially interested in a company, enterprise, or a business selling electric or supplies to the Cooperative or a business primarily engaged in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative.
The issue is whether Sitman violated the by-laws by “primarily engaging in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative.” The “over fifty percent” definitional test of C.F.R. § 779.372(d) is used to determine *697 whether Sitman violated the by-laws. The meaning of “primarily engaged” is defined in 29 C.F.R. § 779.372 (1980):
Primarily engaged means that over half of the establishment’s annual dollar volume of sales made or business done must come from sales. See Schultz [Shultz] v. Louisiana Trailer Sales, Inc., 428 F.2d 61 (C.A.5), cert. denied, 400 U.S. 902, 91 S.Ct. 139, 27 L.Ed.2d 139; Donovan v. Bereuter’s Inc., 704 F.2d 1034 (4th Cir.1983); Marshall v. Sunshine & Leisure, Inc., 496 F.Supp. 354, 358 (U.S.D.C.M.D.Fla.1980).
| ipPuring the trial Sitman was questioned regarding his percentage of sales to members of the Cooperative and produced business records. Sitman testified that less than 38% of his sales of electric and plumbing appliances were to members of the Cooperative. No evidence was produced by Carter to rebut this testimony or Sitmaris business records.
We may only find manifest error where a reasonable factual basis for the findings of the factfinder does not exist. Lewis v. State, Through Dept. of Transp. and Development, 94-2370 (La.4/21/95); 654 So.2d 311, 314. This may occur where documents or objective evidence so contradict a witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial court made certain factual findings which findings will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). As in any civil case, plaintiff has the burden of proving each and every essential element of its claim by a preponderance of the evidence.
We have reviewed the record and we find that the factual findings of the trial judge were manifestly erroneous. The evidence of record in this ease does not provide a sufficient basis for a finding that Sitman violated the by-laws by primarily engaging in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative. Carter simply fails to carry her burden of proof. At best, Carter presented to the Court a weak case of circumstantial evidence upon which she could rest her claims that Sitman violated the by-laws by primarily engaging in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative.
1 nAlthough Sitmaris bookkeeping may not be in accord with generally accepted accounting practices and apparently was very substandard, errors of judgment in the business world do not necessarily indicate that a business performed at a volume greater or lesser than that established by the record. As a result, we find that the trial court was manifestly erroneous. Carter failed to establish by a preponderance of the evidence that Sit-man was primarily engaging in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative.
DECREE
For the foregoing reasons, the judgments of the trial court are reversed and setaside. All the claims of the appellee, Helen Carter, are denied and dismissed with prejudice. Costs are assessed to the appellee, Helen Carter.
REVERSED AND RENDERED.
GASKINS, J., concurs.

. Dag E. Ytreberg, J.D., Co-operative Associations: Validity and Enforceability of Bylaw Amendment Reducing Benefits Available to Members, 61 ALR3d 976.