654 So.2d 311 (1995)
Candice LEWIS, et ux
v.
STATE Of Louisiana, Through DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 94-C-2370.
Supreme Court of Louisiana.
April 21, 1995.
*312 Richard P. Ieyoub, Atty. Gen., Robert W. Levy, Dist. Atty., for applicant.
George L. Arbour, West Monroe, for respondent.
JOHNSON, Justice[1].
We granted certiorari to determine whether the court of appeal properly applied the appropriate standard of review when it concluded that the trial court was "plainly wrong" in finding that the State of Louisiana, Through the Department of Transportation and Development (hereafter DOTD) neither knew nor should have known of the hazardous condition of a dead tree which collapsed across a state highway. The appellate court ruled that DOTD was negligent because the tree in question was obviously dead, and therefore, the state had constructive knowledge of the imminent danger posed by it. Since we find that the court of appeal improperly applied the manifest error standard, we reverse its decision and reinstate the judgment rendered by the trial court.
On January 13, 1992, plaintiffs, Candice Lewis and her husband Richard along with their three minor children, were returning from a week-end trip to Arkansas. Richard Lewis was driving the family's 1982 Chevrolet Caprice, travelling in a southerly direction along Louisiana Highway 15 (hereafter La. 15) in rural, Union Parish.[2] Candice Lewis was seated in the front passenger seat with their infant daughter sitting between them in a child protectant seat. The two minor boys were seated in the rear, and with the exception of the infant, neither Richard nor Candice were wearing a seat-belt.
As Mr. Lewis proceeded down La. 15, he noticed movement to his right and a large tree falling toward the highway. He then shouted to his wife to lie down as he applied his brakes. Unfortunately, the vehicle collided with the tree as it landed. The impact caused the car to spin around, after which it landed in a pond located on the west side of the road. Consequently, Mrs. Lewis suffered a large gash wound to her face which required surgical treatment, while Richard and the children suffered only minor injuries.
The fallen tree, namely a sweet gum, was a total distance of 44.6 feet from the center line of the highway and 14.6 feet away from the nearest point of the right-of-way granted to the State.[3] Actually, the tree was situated on property belonging to the Ouachita Valley Council of The Boy Scouts of America (hereafter *313 The Boy Scouts). In the original petition, plaintiffs named The Boy Scouts as a defendant, but in April 1993, a settlement was reached reserving plaintiffs' right to proceed against DOTD.
Convinced that DOTD had no actual or constructive knowledge of a hazardous condition upon its highway, the trial judge dismissed plaintiffs' action. The trial judge opined that DOTD was diligent in its efforts to patrol the area where the accident occurred. The record included evidence that a highway maintenance superintendent working for the State, visually inspected the road for hazardous conditions that might threaten the safety of non-negligent motorist.

CAUSATION
In a personal injury suit, the plaintiff bears the burden of proving a casual relationship between the injury sustained and the accident which caused the injury. American Motorist Ins. Co. v. American Rent-All Inc., 579 So.2d 429 (La.1991). Plaintiff must prove causation by a preponderance of the evidence. Morris v. Orleans Parish School Bd., 553 So.2d 427 (La.1989). Under the facts of this case, to prevail, plaintiffs must prove liability on the part of DOTD as a result of negligent conduct or DOTD must be held strictly liable. On review, the appellate court did not hold DOTD strictly liable in any way for this dead tree. It properly imputed that liability to the private landowner, therefore our analysis will be limited to a discussion of negligence.
Before holding the defendant liable for negligent conduct, it is incumbent on the plaintiff to prove specific elements. The plaintiff must show that DOTD had actual or constructive notice of the hazardous condition of its highway and failed to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
At trial, plaintiffs offered testimony from two experts to prove their theory of the case. Dr. F.F. Jewel, Professor of Forestry at Louisiana Tech University in Ruston, Louisiana examined the site approximately one month after the accident. In reversing the findings of the trial court, the Second Circuit relied heavily on the following testimony elicited during trial. Dr. Jewel testified that based on the remaining remnants of the tree, he conservatively estimated that the tree had been dead for at least two years. Plaintiffs' other expert, Barry Preaus, who was accepted as an expert in the field of forestry, similarly testified that the tree was dead for at least two years. Mr. Preaus opined that the tree stood straight up and was not leaning, but that the tree's dead condition was easily detectible in the spring and summer because of a loss of foliage. He stated that had he driven by the site in the spring or summer of 1991, he would have realized that this tree was dead.
Both experts gave a description as to how to determine if a tree was dead. Dr. Jewel stated that he taught his students to look up to the top of the tree. He further testified that the deterioration process occurs when the small branches and twigs initially come off, and then the larger branches and larger parts of the tree come off. Likewise, Mr. Preaus stated he would look up to the canopy to determine if there was a loss of foliage and small branches.
Other witnesses which the appellate court relied on in finding that DOTD was negligent were Russell Barnes, the camp ranger for the Boy Scouts, and John Watley, Maintenance Superintendent of highways in Union Parish. Mr. Barnes stated that he had been on the job only five months prior to the accident. He further stated that he had not yet inspected the entire 1142 acres of land belonging to his employer and that he never noticed this particular tree. Additionally, he testified that he does not specifically look for dead trees.
Mr. Watley stated his specific job duties required him to drive the state's highways in Union Parish, including La.15, and check for dead trees that might pose a threat to passing motorists. He then stated that if a tree appeared to be dead or was leaning in such a way to present danger to motorists, he would have it removed. Even if a tree was located on private property, it was his duty to have it removed and would have done *314 so.[4] When asked if he received any formal training or instructions in determining whether a tree is dead, he responded negatively. Based on these facts, the appellate court found that DOTD was negligent in inadequately training Mr. Watley in discharging his duties.
Moreover, the appellate court found the record devoid of any expert testimony to support that portion of the trial court's finding that the only way to determine if a tree was dead was to stand directly beneath it and look straight up.[5] Although it appears that use of the word only was erroneous, it should not have led to a total reversal. Upon a review of the record, this error is harmless. The "under the tree" method is obviously not the only manner to discover a dead tree, but evidence within the record reveals that it is useful.

APPELLATE REVIEW
The facts of this case clearly show that the conclusions reached by the trial judge were reasonable based upon the evidence. An appellate court may not set aside a trial court's or jury's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Mart v. Hill, 505 So.2d 1120 (La.1987), this court stated the two-tier test for reversal on appellate review:
(1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
A reviewing court must do more than simply review the record for evidence which supports or controverts the trial court's findings. It must review the record in its entirety to determine whether the trial court's findings were clearly wrong or manifestly erroneous. Stobart, at 882. Also, the reviewing court must ascertain whether the factfinder's (trial court) conclusions were reasonable. Even when an appellate court may feel that its own evaluations are more reasonable than the factfinder's, reasonable determinations and inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). In Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990) this court stated "the appellate court's disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact", citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
Additionally, a reviewing court must keep in mind that if a trial court's or jury's findings are reasonable based upon the entire record of evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed evidence differently. Housley v. Cerise, 579 So.2d 973 (La. 1991). In Stobart supra, it was stated that the basis for this well settled principle of review is grounded not only upon the trial court's better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Where there are two permissive views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

DUTY OWED BY DOTD
In Sinitiere supra, this court held that DOTD is not the guarantor of the safety of travelers, but owes a duty to keep highways and shoulders reasonably safe for non-negligent motorists. See also, Briggs v. Hartford Ins. Co., 532 So.2d 1154 (La.1988); State Farm Mut. Auto. Ins. Co. v. Slaydon, 376 So.2d 97 (La.1979); U.S.F. & G. Co. v. State Dept. of Highways, 339 So.2d 780 *315 (La.1976). Liability based upon negligence is imputed to the state when it can be proven that the State Department of Transportation and Development is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time. In order to establish a breach of DOTD's duty to maintain safety for the motoring public, a plaintiff must show that a hazardous condition existed, that DOTD had actual knowledge of said condition, and DOTD failed to take corrective action within a reasonable time. Briggs, supra.
In view of the record in its entirety, the evidence shows that Mr. Watley patrolled this highway many times over the years in search for dead trees or those with branches hanging over the road that would threaten the safety of motorists. He stated that he patrolled the highways in Union Parish at least once every two weeks over a six year period in his vehicle to look over the trees along the sides of the road. He also stated that when looking for dead trees, if he saw one, he would have it removed or contact the landowner and have them remove it. In regards to the tree in question, Mr. Watley stated that he did not see it because it was obscured by two other trees in close proximity. Dr. Jewel testified that the height of at least one of these trees was around 40 feet tall. Also, the camp ranger, Mr. Russell, stated that he never noticed this tree because it was possible that the two smaller trees obscured it.
On direct examination, Barry Preaus stated that had he driven by this tree during the summer and spring of 1991, he would have been able to tell that it was dead. Nonetheless, on cross-examination he admitted that the tree could have been obscured. Mr. Preaus further stated that after it was dead, the canopy of the smaller trees would have expanded and could have obscured the top of the sweet gum, admitting that it was probable that these smaller trees obscured some portions of it. Based upon the testimony of individuals who viewed the scene as it appeared prior to the accident, it is clear that there was some obscurement. The appellate court stated that the findings of the trial court on the issue of obscurement was "troublesome", however, it was clearly erroneous for the court of appeal to disturb these findings of fact by the trial court and to substitute its own judgment for that of the trial court.
The appellate court further determined that the state's actions fell below the standard of care owed to the motoring public because DOTD did not adequately train Mr. Watley in discharging his duties. The facts of this case clearly demonstrate otherwise. Mr. Watley, the highway superintendent diligently inspected this road, making numerous observations of this same area. It is more probable than not, he did not detect the dead tree because of the foliage created by the two contiguous trees in addition to the fact that it appeared to be living since the first 40-50 feet of the tree's trunk contained bark. This court is convinced that the reason this dead tree was not noticed is not attributable to negligent conduct on the part of the state.
Based on these findings, we conclude that the plaintiffs failed to meet their burden of proving that DOTD was actually or constructively aware of a hazardous condition, and failed to take corrective action within a reasonable time. Under the standards of appellate review, the findings of the trial court were reasonable, therefore, the court of appeal erred in reversing the lower court.

DECREE
For the reasons expressed, the judgment of the court of appeal is reversed and the findings of the trial court are reinstated.
REVERSED; DISTRICT COURT JUDGMENT REINSTATED.
NOTES
[1] Judge Charles R. Lindsay, Court of Appeal, Second Circuit, participating as associate Justice Pro Tempore, in place of Justice James L. Dennis. Pursuant to Rule IV, PART 2, Sec. 3, Lindsay, J. was not on panel.
[2] All parties to this suit stipulated by order of February 11, 1993 that the area in question was rural to avoid the need to prove this issue at trial.
[3] The parties filed a JOINT MOTION FOR DECLARATORY JUDGMENT that was signed on November 12, 1992 acknowledging the distance of the tree from the centerline of the highway.
[4] The case of Adams v. State, Dept. of Highways, 357 So.2d 1239 (La.App. 2d Cir.1978) allows a public body to destroy private property if it constitutes a public nuisance or poses a danger to users of a right-of-way.
[5] The opinion drafted by the trial court states "The experts agreed that the only way to tell if a tree had been dead before it fell was to have stood underneath it and looked up into the canopy."