_jgDALEY, Judge.
The plaintiffs in this personal injury lawsuit have appealed the damage awards rendered by the trial court.
FACTS:
On the night of September 27, 1994, the defendant, Kent Tregre, went to the Time Saver store located on Louisiana Highway 18 in St. Charles Parish to purchase cigarettes. The plaintiff, Ms. Helen Strickland Phillips, went to Time Saver at approximately the same time. As the parties were leaving Time Saver, the back of the two vehicles made contact. Mr. Tregre claimed Ms. Phillips backed into his E-150 van, while Ms. Phillips claimed Mr. Tregre backed into her compact car.
Ms. Phillips and her four passengers, Ms. Odile Johnson, and the minor children, La-trecia Phillips, Ranada Phillips, and McAr-thur Strickland, filed suit against Mr. Tregre and his insurer National Security Fire and Casualty Insurance Company for injuries sustained in this accident.
_|At trial, Ms. Phillips testified that she had stopped at Time Saver for candy. She was driving her 1989 Hyundi EL. Her sister, Ms. Johnson, was in the front passenger seat. McArthur Strickland was seated in the rear seat behind the driver, Ranada Phillips was in the middle, and Latrecia Phillips was seated behind the passenger. As Ms. Phillips was pulling out of the parking area, she dropped a cigarette. She pulled over “far enough so [she] wasn’t in anyone’s way” to search for the cigarette. While she was stopped, she was struck in the rear by Mr. Tregre’s van. She testified that the accident caused a “hard bang.” A picture was introduced into evidence that depicted damage to the rear of Ms. Phillips’ car. According to her testimony the accident caused Ms. Phillips to hit her jaw and head on the steering wheel and her knee to strike the inside of the car. Ms. Phillips testified that she went to Dr. Reyes a day or two after the accident. She attended physical therapy for three months and was completely healed when she was discharged on December 29, 1994. On cross-exam, she explained that she could not state the exact date she first visited the doctor, but she waited to go to the doctor because she “wasn’t really, really hurt,” but decided to go to the doctor because she was “still ailing from the accident.” She further testified that she could not sweep or mop for a couple of weeks after the accident because it hurt her back.
Ms. Johnson’s description of the accident was the same as that given by Ms. Phillips. She testified that after the accident she started to feel dizzy and experienced aching in her left shoulder and low back. She went to Dr. Reyes one week after the accident. Ms. Johnson stated she attended physical therapy, took medications, and recovered two or three months after the accident. She was unable to “do mopping and housework” after the accident because she was “stiff.”
_JjMs. Phillips’ daughter, Ranada, testified that the accident occurred after the car had pulled to the side and her mother was looking for the cigarette she dropped. Ranada testified that she injured her neck, shoulder and arm in the accident. She described these injuries to the deputy who investigated the accident. She was taken to the hospital the night of the accident for these injuries. She visited Dr. Reyes on two occasions and took Tylenol for the pain. She testified that she experienced pain due to these injuries for approximately one to two months following the accident. She did not miss any school as a result of the accident.
*1107 Ms. Phillips’ older daughter, Latrecia, testified that after her mother moved the car out of the way, she stopped to pick up the cigarette. Five to ten seconds later, there was a “big boom” when they were struck by the van. Latrecia injured her head, back and shoulder in the accident. She visited Dr. Reyes on two occasions for these injuries. She took Tylenol for the pain and missed three days of school as a result of these injuries. Latrecia explained that for about two weeks after the accident, she could not “get around to [her] classes like normal.”
Ms. Phillips’ son, McArthur, testified that he injured his leg, back and neck in the accident. This injury lasted about two months during which time he took Tylenol for the pain.
Mr. Tregre disputed the description of the accident given by the plaintiffs. Mr. Tregre testified that he had backed out of his parking space and was beginning to move forward when the plaintiffs’ car backed into his van. He was not injured in the accident and there was no damage to his van.
In connection with the plaintiffs’ testimony their medical bills and reports were introduced into evidence. All plaintiffs were treated by the same physician and were all discharged on the same date. At the conclusion of trial the record was held fcopen for the deposition testimony of the plaintiffs’ treating physician, Dr. Raul Reyes. A review of Dr. Reyes’ testimony and the medical records indicates that both adults were diagnosed as having cervical spine sprain, lumbo-sacral spine sprain, and thoracic spine sprain. Ms. Phillips also had bilateral shoulder sprain and headaches, while Ms. Johnson had a left knee contusion. Both adults were found to be fully disabled. They attended physical therapy on almost the same dates and received identical treatment. Additionally, they visited Dr. Reyes on the same four dates and were prescribed the same three medications.
Ranada was diagnosed as having cervical spine sprain and lumbar spine sprain, and a left shoulder sprain. She visited Dr. Reyes on three of the same dates as did her mother and aunt. The records from her emergency room visit were not introduced into evidence; however, a letter from St. Charles Parish Hospital was introduced that indicated the bill for services rendered was $63.70.
Latricia visited Dr. Reyes on the same dates as her sister. She was diagnosed as having cervical spine sprain, right shoulder sprain, right flank contusion, headaches, and a fainting spell which was not thought to be related to the accident. McArthur visited Dr. Reyes on two of the same three dates as his sisters. He was diagnosed as having headaches, cervical spine sprain, lumbosacral spine sprain, and left lateral leg contusion.
The trial court rendered judgment in favor of the plaintiffs, finding Mr. Tregre backed his van into the car occupied by plaintiffs, awarding damages as follows:
Odile Johnson $200.00
Latrecia Phillips $200.00
Helen Strickland Phillips $200.00
Ranada Phillips $300.00
McArthur Strickland $200.00
kin written Reasons for Judgment, the trial judge found this accident was a “low-impact fender-bender,” and went on to state:
The only person who stated injuries at the time was Ranada Phillips. Her soft tissue complaints were treated at St. Charles Hospital with a prescription of liquid Tylenol.
Dr. Raul Reyes testified (by deposition) to what the Court feels is a curious development in this case: All five (5) occupants of the Strickland vehicle went to the same doctor, the same day (one (1) month later), with the same complaints, and were all given the same basic diagnosis. To make it even more interesting, they all received the same basic treatment and were all asymptomatic and discharged on the same day, two (2) months later!
The Court finds it incongruous and highly improbable that all five (5) plaintiffs had the same complaints and the same injuries one (1) month after this minor finder-bender. In lights of this, the Court flatly rejects then testimony regarding these injuries as being inconsistent with the facts of the accident and as being so highly improbable as to being nearly impossible.
*1108 The Court is not saying that the parties did not have some stiffness or discomfort as a result of the accident. Rather, the Court is saying that it does not believe plaintiffs have proven their case regarding causation and damages, and therefore the Court cannot award the amounts sought by plaintiffs.
DISCUSSION:
The plaintiffs have appealed claiming the trial court committed manifest error in assessing general damages and in failing to render an award for special damages.
The long standing rule of law is that an appellate court cannot reverse a trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). On appellate review, the Court must review the entire record to determine whether the trial court’s findings were clearly wrong or manifestly erroneous and whether the trial court’s conclusions were reasonable. Stobart, supra.
frlf the trial court’s findings are reasonable based upon the entire record, the appellate court may not reverse these findings even if the appellate court is convinced that had it been sitting as trier of fact, it would have reached a different conclusion. Lewis v. State, Through DOTD, 94-2370 (La.4/21/95), 654 So.2d 311; Housley v. Cerise, 579 So.2d 973 (La.1991). In Stobart, supra, the Supreme Court explained:
This Court has recognized that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 293[283] So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
The trier of fact is not bound by expert testimony, rather, expert testimony must be weighed just as any other evidence. Bourgeois v. Roudolfich, 580 So.2d 699 (La. App. 5th Cir.1991).
The weight to be accorded to the testimony of experts depends largely on their qualifications and the facts on which they base their opinions. The trial court may evaluate expert testimony by the same principles as apply to other witnesses; it has great discretion to accept or reject medical or lay opinion.
Durkee v. City of Shreveport, 587 So.2d 722, 728 (La.App. 2nd Cir.1991), writ denied, 590 So.2d 68 (La.1991).
Applying these well settled principles to the case before us, we cannot say the trial court was clearly wrong or committed manifest error in his findings. In spite of the plaintiffs’ testimony that they visited Dr. Reyes “one to two days” or “one week” after the accident, the medical records clearly show that all five plaintiffs were first examined on October 27, 1994, exactly one month after the accident. All were diagnosed with soft tissue injuries. The adults received nearly identical physical therapy and identical medications. The only treatment prescribed for the children was Tylenol. Many of the diagnoses reached by Dr. Reyes were not supported by the ^description of his physical findings on exam. Helen Phillips did not state that she hit her shoulder in the accident, nor did she complain of shoulder pain, nor was there tenderness or decreased range of motion in the shoulders on exam, yet she was diagnosed with bilateral shoulder sprain. Odile Johnson was diagnosed with a left knee contusion, yet there was no bruising or tenderness in this area on exam. Ranada Phillips was diagnosed with a left shoulder sprain, yet there were no abnormal findings upon examination of her shoulder. Latrecia Phillips was also diagnosed with a shoulder sprain in the absence of any abnormal findings in this area on exam. Latrecia was also diagnosed with a right flank contusion, yet the exam does not even indicate that this area was examined. McArthur Strickland was diagnosed with left lateral leg contusion, yet there is no evidence of bruising in this area on exam. Dr. Reyes did not adequately explain these discrepancies in his testimony.
*1109 Moreover, the testimony of the witnesses supports the trial court’s findings that the minimal amount of stiffness and soreness experienced by the plaintiffs lasted only a short time, and caused minimal interference with their daily activities. Ms. Helen Phillips testified that she was unable to sweep or mop for a “couple of weeks” after the accident. Ms. Johnson testified that she was stiff after the accident and was also unable to mop or sweep. She further testified that she hit her shoulder on the dashboard as a result of the impact, but she also testified that she was wearing her seatbelt. Ranada testified that she did not have to limit her activities following the accident and her injuries did not cause her to miss school. Latrecia testified that she missed three days of school as a result of the accident, and had to limit her activities for two weeks after the accident. There was no testimony on the part of McAr-thur that he had to limit his activities following the accident. Thus we find that, although the trial court’s award of general damages was low, it was not an abuse of discretion.
bThe plaintiffs also argue that the trial court erred in not awarding medical expenses and Dr. Reyes’ expert fee for testifying. Medical bills submitted by plaintiffs included those 1'rom Dr. Reyes and a letter from the hospital regarding Ranada’s emergency room bill. The trial court obviously did not believe that the minimal stiffness and discomfort suffered by the plaintiffs as a result of this accident necessitated medical treatment. The testimony of plaintiffs indicates that by the time they sought medical treatment from Dr. Reyes, one month following the accident, their complaints had resolved. As noted above, Ms. Phillips stated she was unable to mop and sweep for one week. Ranada and McArthur did not have to limit their activities after the accident and Dr. Reyes’ treatment of them was limited to observation. Latrecia had to limit her activities for three days following the accident. Ms. Johnson did not clearly answer the question as to how long she was unable to mop and sweep after the accident. Dr. Reyes testified that his diagnosis of bruising sustained by Ms. Johnson, Latrecia, and McAr-thur in the accident was based on the history given by plaintiffs and those injuries had resolved by the time of the first office visit as evidenced by the medical records.
The trial court found that the plaintiffs’ injuries were limited to some stiffness and/or discomfort. Given this factual finding the trial court concluded that the medical treatment provided by Dr. Reyes was not related to the accident. In his Reasons for Judgement the trail judge concluded, “the Court is saying that it does not believe plaintiffs have proven their case regarding causation and damages, and therefore the Court cannot award the amounts sought by plaintiffs.” We find sufficient basis for the credibility determination made by the trial judge and hence, see no error in the trial court’s denial of medical expenses for treatment by Dr. Reyes and Dr. Reyes’ expert fee.
[tpHowever, as to the medical bill for Ranada Phillips’ emergency room visit, since a letter from the hospital regarding the charges for her hospital visit immediately after the accident was introduced into evidence, we find the trial court erred in not awarding this expense as it was clearly related to the accident. Accordingly, we amend the judgment of the trial court to increase the award to Ranada by $63.70.
For the foregoing reasons, the judgment of the trial court is affirmed as amended. Each party to bear their own cost of appeal.

AFFIRMED AS AMENDED.