JaEDWARDS, Judge.
Plaintiff/appellant Lauren Hirstius appeals the judgment of dismissal which the trial court rendered in favor of the defendants, Cynthia Bernos and State Farm Mutual Automobile Insurance Company. Finding that the trier of fact was not manifestly erroneous or clearly wrong, we hereby affirm.
This matter was heard before a jury on November 6 and 7,1997. After due deliberation, the jury returned a verdict in favor of the defendants, reasoning that a collision had not occurred on the date in question. The trial judge signed a judgment on November *50 18, 1997, dismissing the plaintiffs case with prejudice. Plaintiff filed a Motion and Order for Appeal on January 12, 1998, which was granted by the trial court.
The events in question took place on February 12, 1993. Plaintiff Lauren Hirstius alleges that while stopped at an intersection, her vehicle was rear-ended by a vehicle driven by defendant Cynthia Bernos. Ms. Ber-nos’ vehicle was ^insured by defendant State Farm Mutual Automobile Insurance Company. It is defendant’s assertion that she came to a stop behind the plaintiffs vehicle and that at no time was there any contact between the vehicles. Neither party contacted the police, therefore no reports were taken from the accident scene. Furthermore, evidence admitted at trial revealed that there was no discernable damage to plaintiffs vehicle. After a two-day trial on the merits, the jury deliberated and determined that there was no collision between the vehicles in question. Thereafter, the trial judge rendered the judgment of dismissal, which was subsequently appealed by the plaintiff. The matter is now before this Court for review.
Plaintiff alleges that the trier of fact committed manifest error in determining that a collision did not occur contrary to all facts and evidence submitted to the court. It is this Court’s opinion that the trier of fact was not manifestly erroneous or clearly wrong, therefore the judgment must be affirmed.
An appellate court may not set aside a trial court’s or jury’s findings of fact in absence of manifest error or unless it is clearly wrong. Lewis v. State Through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311; Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Franatovich v. Deep South Trucking, 95-00476 (La.App. 5th Cir. 12/13/95), 665 So.2d 745; writ denied, 96-0436 (La.5/3/96), 672 So.2d 695. The Supreme Court has stated the two-tier test for reversal on appellate review as follows:
1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
|42) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Lewis v. State Through Dept. of Transp. and Development, 654 So.2d at 314 (citing Mart v. Hill, 505 So.2d 1120 (La.1987)). Therefore, absent a determination by this Court that a reasonable factual basis does not exist for the finding of the trial court and that the finding is clearly wrong, we will not reverse the trial court’s ruling.
Plaintiff alleges that her testimony was uncontradicted and corroborated by photographs entered into evidence in the trial court. However, it is defendant’s assertion that the collision never occurred. The testimonies of both parties contradict each other, therefore it is the duty of the trier of fact, the jury in this case, to determine the credibility of the witnesses.
A reviewing court must keep in mind that if a trial court’s or jury’s findings are reasonable based upon the entire record in evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed evidence differently. Lewis, supra. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. Stobart, supra at 883. Furthermore, as the Supreme Court stated in Rosell, supra, “[ojnly the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.”
In the present case before the bar, the testimonies of Ms. Hirstius and Ms. |sBernos contradict each other. Whereas there are two separate and distinct versions of the facts, it is the duty of the jury to determine which testimony is the more credible. Where there are two permissive views of evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Lewis, supra. Therefore, the jury’s conclusion that the defendant’s *51 vehicle never collided with the plaintiffs vehicle must not be overturned on review by this Court.
In summary, it is the opinion of this Court that the jury’s finding was reasonable. After reviewing the testimony and evidence admitted at trial, the jury found the defendant’s testimony to be the more credible. Therefore, the jury’s finding cannot be manifestly erroneous and the judgment must be affirmed.
AFFIRMED.