751 So.2d 321 (1999)
Beverly LEE, Individually and As Representative of the Estate of Arnold E. Pierce, III
v.
STATE of Louisiana and/or State of Louisiana through the Department of Transportation and Development; Derrick L. Robinson; ABC Insurance Company; Robert B. McKenzie; Continental Insurance Company; Bush Construction Company, Inc.; and DEF Insurance Company.
Continental Insurance Company
v.
Derrick L. Robinson.
Nos. 98 CA 2559, 98 CA 2560.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
Rehearing Denied January 26, 2000.
*322 Charles W. Rea, Baton Rouge, LA, for plaintiffs, Robert McKenzie and Continental Insurance Company.
Dan A. Smetherman, New Orleans, LA, for defendantthird party plaintiffappellee, Derrick L. Robinson.
Honorable Richard P. Ieyoub, Attorney General, Danial C. Vidrine, Assistant Attorney General, Baton Rouge, LA, for defendantappellant, State of Louisiana, through the Department of Transportation and Development.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
*323 FITZSIMMONS, J.
State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a jury verdict in a consolidated case. DOTD was found to be fifty. percent liable for the damages incurred by Derrick Robinson in a traffic accident on October 16, 1993[1]. After a thorough review of the record, we affirm in part, reverse in part and render in part.

FACTS
Derrick Robinson was driving eastbound in a vehicle along Interstate Highway 10 in St. Tammany Parish at approximately 4:00 a.m. At the time, DOTD had contracted with Bush Construction Company to overlay the surface of the road. As a result of the ongoing roadwork, there existed a four-inch discrepancy in the levels of the two lanes and a six-inch drop from the left edge of the lane to the grass median that divided the highway. It is undisputed that it was cloudy and dark on the morning in question.
The vehicle driven by Mr. Robinson was proceeding at approximately forty-five miles per hour. He was traveling with a passenger in the car. Mr. Robinson was not under the influence of alcohol or drugs. He first crossed from the right hand lane of travel over the four-inch variance in lanes to the left lane. Once in the left lane of the eastbound traffic, Mr. Robinson testified that he was trying to ascertain the location of the edge of the roadway when the vehicle suddenly dropped six inches from the inside lane onto the grass median. The vehicle traversed the grass median at an angle until it entered the lanes of oncoming vehicles in the westbound lanes. Mr. Robinson stated that, after the car left the travel lane, he attempted to brake and to bring the vehicle under control. Instead, the car when into a "flat spin." The vehicle crossed the median onto the opposing westbound lanes of travel into the pathway of an oncoming eighteen-wheeler. The right side of the car driven by Mr. Robinson was hit. The passenger accompanying Mr. Robinson was killed; Mr. Robinson was injured.
Following a trial on July 9 and 10, 1998, the verdict handed down by the jury indicated that the condition of the roadway created an unreasonable risk of harm, of which DOTD had constructive or actual knowledge; that DOTD failed to take corrective action; that DOTD was fifty percent at fault; that Bush Construction Company was negligent and fifty percent at fault; and that the driver, Derrick Robinson, was not negligent, or at fault. The jury awarded Mr. Robinson damages for pain and suffering in the amount of $60,000.00; past medical expenses in the sum of $20,000.00; and future medical expenses estimated at $10,000.00.[2]
DOTD appeals the judgment and assigns as error, the following:
1) The jury's finding that the driver, Derrick Robinson, was free from fault.
2) The jury's finding that DOTD was fifty percent at fault.
3) The jury's award of damages for disability, both physical and mental (past, present and future) to Derrick Robinson.
4) The amount of the jury's award of general damages to Derrick Robinson.

FAULT OF DERRICK ROBINSON
A determination of manifest error by the jury in its failure to find any liability on the part of Derrick Robinson would hinge in part on the legal assessment that a driver's departure from the main road inherently entails a degree of fault. There might also exist a lack of independent evidence to demonstrate that Mr. Robinson attempted to avoid traveling into the on-coming *324 westbound lane of traffic. It is generally conceded that the conditions were dark, there were no fog lines on either side of the highway, and the weather ranged from cloudy to misting. It is also undisputed that the six-inch drop off from the travel lane to the side of the road at the left lane of eastbound traffic, on which Mr. Robinson had been traveling, constituted a dangerous condition.
Mr. Robinson testified that, after having fallen off the edge of the roadway in the dark, the car went out of control when the wheels made contact with the slippery grass surface of the median. He steered left and right in an attempt to gain control of the vehicle. DOTD contended that tracks left by the car did not indicate that the driver made a reasonable attempt to correct the vehicle when it angled toward the westbound lane of traffic. A driver of a vehicle who fails to respond prudently once the vehicle has left the roadway is proportionately at fault. See Barsavage v. State, Through Department of Transportation and Development, 96-0688, pp. 9-11 (La.App. 1st Cir.12/20/96), 686 So.2d 957, 962-963, writs denied, 97-0595 (La.4/8/97), 692 So.2d 455 and 97-0634 (La.4/18/97), 692 So.2d 456.
Experts appearing on behalf of both litigants testified. Their testimony presented different interpretations of the tire marks, as well as the reaction times, in different related scenarios involving a drop of six inches from the main roadway to the median. Police Officer Tim Craig, who investigated the scene, stated that there were no fog lines on either the right or left side of the interstate highway. The jury was evidently persuaded by the testimony of Mr. Robinson and Duane T. Evans, who was qualified as an expert in traffic engineering and accident reconstruction. Mr. Evans opined that the conditions surrounding the incident were hazardous, and that Mr. Robinson would not have been able to control the vehicle after he dropped off the main road onto the defective shoulder area. The jury apparently rejected DOTD's inferential posit that Mr. Robinson had fallen asleep at the wheel.
When findings are based on a determination regarding the credibility of witnesses, the manifest error/clearly wrong standard of review imparts deference to the trier of fact's credibility determinations. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882-883 (La.1993). Based on the record, we cannot say that the jury committed manifest error in its determination that, given the defective setting, Mr. Robinson was unable to bring the vehicle under control prior to entering the oncoming westbound traffic in the pathway of oncoming vehicles.
We next address Mr. Robinson's initial digression from the travel lane onto the grass median. Prior case law reveals that "[s]ince the advent of comparative negligence, a driver straying onto a defective shoulder has been found to be proportionately at fault." Guzman v. State, 95-0957, p. 14 (La.App. 1st Cir.12/15/95), 664 So.2d 1343, 1353. This legal precept remains a consistent jurisprudential pronouncement, notwithstanding a coexisting defective condition of the road surface and shoulder area. See Roberts v. State, Through Department of Transportation and Development, 576 So.2d 85, 90 (La. App. 2nd Cir.), writ denied, 581 So.2d 685 (La.1991). Mr. Robinson was aware that road repairs were being made in the area over which he was driving; nevertheless, despite foggy, misty conditions of low visibility, he allowed his vehicle to continue at forty-five miles per hour. Having proceeded along the road before, he should also have been cognizant of the lack of a shoulder at the edge of the road and the need to be especially vigilant as he proceeded. Although the magnitude of fault *325 properly devolves to those responsible for the defective condition of the interstate highway, we find that the jury manifestly erred in absolving Mr. Robinson of any fault whatsoever.
The formula for judicial modifications of comparative fault has been jurisprudentially equated with the legal standard to reassess quantum, i.e., after a finding of the lower court's abuse of its much discretion, the appellate court can disturb the fault allocation to the extent of lowering it (or raising it) to the highest (or lowest) percentage that is reasonably within the discretion afforded that court. Clement v. Frey, 95-1119, 95-1163, pp. 5-8 (La.1/16/96), 666 So.2d 607, 609-611. Applying the Clement standard to the particular facts and circumstances of this matter, we assign ten per cent of the fault for the accident to Mr. Robinson, due to his failure to adhere to the travel lane of the road.

FAULT OF DOTD
The state's duty, through DOTD, is to keep the highways and shoulders in reasonably safe condition. Lewis v. State, Through Department of Transportation and Development, 94-2370, p. 6 (La.4/21/95), 654 So.2d 311, 314. That "duty encompasses the obligation to protect a motorist who inadvertently drives onto the shoulder of the highway." Barsavage v. State, Through Department of Transportation and Development, 96-0688, at p. 9, 686 So.2d at 962 (quoting Campbell v. Louisiana Department of Transportation & Development, 94-1052 p. 5-6 (La.1/17/95), 648 So.2d 898, 901). Courts have consistently held that an abrupt drop off between a roadway and a shoulder constitutes a defect. Guzman v. State, 95-0957 at p. 6, 664 So.2d at 1348.
A survey of this court's prior holdings dealing with drop off levels indicates that the existence of a two or three-inch differential between the roadway and the shoulder is a defective condition. Barsavage, 96-0688 at p. 11, 686 So.2d at 963; Guzman, 95-0957 at pp. 11-12, 664 So.2d at 1351-1352. As we have noted, the presence of a four-inch differential between the lanes of travel, an extreme drop off of six inches at the edge of the interstate roadway in the instant matter, the lack of a fog line to demarcate the abrupt change in elevation, and the failure to warn drivers of the particular condition, a fortiori, comprise a defective condition.
DOTD has a statutorily imposed duty to maintain the public roadways in reasonably safe condition. La.R.S. 48:21. DOTD cannot contract away this duty to a private concern; nor does such a contractual relationship relieve DOTD of its fundamental responsibility to insure that the maintenance work is properly performed. Jones v. Johnson, 572 So.2d 150, 156-157 (La.App. 1st Cir.1990), writs denied, 576 So.2d 519 (1991). Accordingly, DOTD had constructive notice of the defective condition along the interstate highway. Jones, 572 So.2d at 158. We do not find that the jury manifestly erred in attributing fault to DOTD.

DAMAGES: PAIN AND SUFFERING AND PRESENT AND FUTURE DISABILITY AWARD
In the "Jury Verdict" form, "Question Number 7" joins within one category the award for pain and suffering and physical and mental disability. The jury awarded a total of $60,000.00 for that category. The hiatus of any evidence whatsoever in the record to demonstrate the prevalence of disability, either mental or physical, renders it apparent that the jury awarded Mr. Robinson the sum of $60,000.00 for pain and suffering, an element of general damages. Thus, the issue before this court is not whether the jury erroneously awarded damages for disability, as is asserted in DOTD's appeal, but rather, whether the award for pain and suffering by the jury was an abuse of its discretion. Andrus v. State Farm Mutual Automobile Insurance Company, 95-0801, p. 8 (La.3/22/96), 670 *326 So.2d 1206, 1210; See also Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976).
Prior to questioning a damage award as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award was a clear abuse of the trier of fact's discretion. Reck v. Stevens, 373 So.2d 498, 501 (La. 1979). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff, under the particular circumstances, that the appellate court should increase or decrease the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Mr. Robinson testified that he was taken to the emergency room of Northshore Regional Hospital after the accident[3]. He stated that he remained in intensive care for about a week or two. During his stay in the hospital, he was treated for injuries to the right side of his body, including: a bruised lung, kidney, and liver, three broken ribs, a hand injury and an ear that was under consideration for amputation. He stated that, following his release, he underwent therapy for his hand. Mr. Robinson, furthermore, testified that he had continued to incur pain in his chest when he breathed hard up until the time of trial in 1998, and that he still took medicine for his knee pains. Given the extent and duration of Mr. Robinson's injuries and symptoms, this court does not find the general damages award to have been an abuse of the jury's discretion.
Accordingly, judgment of the trial court is reversed in part and rendered to assign ten percent of the fault to Derrick Robinson. The fault of the State of Louisiana, through the Department of Transportation and Development, is thus reduced to forty percent. In all other respects the trial court judgment is affirmed. Costs associated with this appeal are assessed to the State of Louisiana, through the Department of Transportation and Development in the sum of $1,854.85.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED IN PART.
WEIMER, J., concurs without reasons.
NOTES
[1] Bush Construction Company was also found to be fifty percent at fault; however, no appeal has been taken by Bush Construction Company from that part of the jury verdict.
[2] This item was omitted from the judgment by agreement of the parties that no evidence of future medical expenses was produced at trial.
[3] At trial there was an agreement among counsel that the jury would be given the medical records and statements to read prior to the continuation of the trial on the next day. No hospital records were submitted either to the jury or into the record. A survey of the record before this court also fails to unveil any exhibits portraying the medical records and statements that the jury purportedly considered in its determination.