NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-469 consolidated with 09-470

FREDERICK DEMARTRA, JR.

VERSUS

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY,
ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES NO. 108,241
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

Genovese, J., dissents and assigns written reasons.

AFFIRMED.

Eugene Paul Cicardo, Jr.
P. O. Box 1128
Alexandria, LA 71309
(318) 445-2097
Counsel for Plaintiff/Appellee:
Felicia Desselle

**Joseph Payne Williams**
**Williams Family Law Firm, L.L.C.**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Defendants/Appellants:**
**Louisiana Farm Bureau Casualty Insurance Company**
**Jana Tynes**

**Michael Thomas Johnson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Defendant/Appellee:**
**State Farm Mutual Automobile Insurance Company**

**Barry Marcus Barnett**
**Attorney at Law**
**P. O. Box 1105**
**Alexandria, LA 71309**
**(318) 443-7615**
**Counsel for Plaintiff/Appellee:**
**Frederick Demartra, Jr.**

**EZELL, JUDGE**.

In this matter, Jana Tynes and her insurer, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), appeal the decision of the trial court finding Ms. Tynes 100 percent at fault for an auto accident involving Frederick Demartra and his girlfriend, Felicia Desselle, who is a fellow plaintiff in the consolidated appeal. For the following reasons, we hereby affirm the decision of the trial court.

On November 30, 2006, Ms. Desselle was driving a vehicle in which her minor child and Mr. Demartra were passengers. Ms. Desselle was attempting to execute a left-hand turn onto Highway 28 heading east in Alexandria. Highway 28 is a four-lane, divided highway where the accident occurred. Ms. Desselle crossed the two westbound lanes and came to rest in the median crossover to wait for an opportunity to continue her turn onto Highway 28. After she felt that traffic was clear, she turned into the left, inside lane of Highway 28. Soon thereafter, she was struck in the rear by Ms. Tynes' vehicle.

After hearing the testimonies of all parties in this matter, the trial court ruled that Ms. Tynes was 100 percent at fault in causing the accident and awarded Mr. Demartra and Ms. Desselle damages accordingly. From that decision, Ms. Tynes and Farm Bureau appeal.

Ms. Tynes asserts six assignments of error on appeal. The first five all address the same issue, that Ms. Tynes feels that the trial court erred in assessing her with 100 percent fault in the accident. Accordingly, we will address these first five assignments of error as one. Ms. Tynes also claims in her final, related assignment of error that the trial court erred in failing to award Farm Bureau the amount it paid for the total loss of the Tynes vehicle.

1

"[A] trier of fact's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review." *Layssard v. State, Dep't. of Pub. Safety and Corr.*, 07-78, p. 3 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, 1057, *writ denied*, 07-1821 (La. 11/9/07), 967 So.2d 511. As noted in *Mayzel v. Gould*, 44,081, pp. 5-6 (La.App. 2 Cir. 2/25/09), 4 So.3d 979, 982:

> A trial court's findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. *Stobart v. State, Through Department of Transportation and Development*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Under the manifest error standard, the criterion is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the findings of the trial court cannot be reversed if they are, in fact, reasonable. *Lewis v. State through Department of Transportation and Development*, 94-2370 (La.4/21/95), 654 So.2d 311. In other words, the appellate court may not reverse simply because it is convinced that, had it been sitting as a trier of fact, it would have ruled differently. *Orea v. Scallan*, 32,622 (La.App. 2d Cir.1/26/00), 750 So.2d 483. A finding of fact by a trial court should be upheld unless it is clearly wrong. *Madison v. Thurman*, 32,401 (La.App. 2d Cir.10/27/99), 743 So.2d 857.

> Under the manifest error standard, the appellate court must not reweigh the evidence or substitute its own factual findings. *Salvant v. State*, 05-2126 (La.7/6/06), 935 So.2d 646. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or plainly wrong. *Id*. Further, when the factual finding of the trial court is based on a credibility call, that finding can virtually never be manifestly erroneous or plainly wrong. *Id*.; *Stobart v. State*, *supra*.

The trial court in this case was presented with two conflicting views of the facts of this case. Ms. Tynes claims she was in the left lane her entire trip and that Ms. Desselle pulled out in front of her. Ms. Desselle and Mr. Demartra claim that the left lane was clear when Ms. Desselle entered the highway and that Ms. Tynes changed lanes before the collision. After hearing the testimonies of all the parties, the trial court found the testimonies of Ms. Desselle and Mr. Demartra to be more persuasive, noting Ms. Tynes' young age, behavior in court and at the accident scene, and the fact

2

that a separate accident occurred just prior to the scene of this one, which distracted Ms. Tynes.

Ms. Tynes' testimony was somewhat inconsistent, as she claimed to have not looked at the other accident while also stating she saw cars spinning out. Likewise, she said she was in the left lane the entire time, but stated that someone passed her on her left. While Ms. Desselle's and Mr. Demartra's testimonies were far from perfect, they were both consistent in stating that the left lane was clear when Ms. Desselle entered the highway and that Ms. Desselle had taken control of the left lane prior to the accident. The trial court simply found their account of the accident to be more credible. Because of this, the trial court applied the presumption that Ms. Tynes, as the following car, was at fault in the rear-end collision. *See* La. R.S. 32:81; *Mart v. Hill,* 505 So.2d 1120 (La.1987). There is simply nothing in the record which clearly shows this finding or the trial court's assessment of fault to be manifestly erroneous.

Because we find that the trial court did not commit reversible error in finding Ms. Tynes 100 percent at fault for the accident, her final assignment of error is rendered moot and need not be addressed.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Jana Tynes and Louisiana Farm Bureau Casualty Insurance Company.

**AFFIRMED.**

This opinion is Not Designated for Publication. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-469 consolidated with 09-470

FREDERICK DEMARTRA, JR.

VERSUS

LOUISIANA FARM BUREAU CASUALTY INS. CO., ET AL.

consolidated with

FELICIA DESSELLE, ET AL.

VERSUS

LOUISIANA FARM BUREAU CASUALTY INS. CO., ET AL.


**GENOVESE, J., dissents and assigns the following reasons.**

I disagree with the majority's affirmation in this case. In my view, the facts in this case warrant an assessment of comparative fault. Additionally, the trial court misapplied the law.

In its reasons for judgment, the trial court stated, "Ms. Tynes also had an obligation to adhere to a <u>higher standard of care</u> due to the adverse weather conditions and control her vehicle in a manner and speed she could handle." (emphasis added). This is not the law. <u>Both</u> drivers, Plaintiff, Ms. Desselle, and Defendant, Ms. Tynes, had the <u>equal</u> duty to adhere to a higher standard of care due to the adverse conditions. Furthermore, Ms. Desselle pulled out from the median crossover onto the favored street in front of Ms. Tynes, thereby causing a rear-end collision. Most noteworthy is the investigating officer's testimony as to the point of impact, as evidenced by the debris in the roadway, which was just past the end of the crossover. The point of impact is crucial. It is physical evidence which is not subject to a credibility call. This accident was not a routine rear-end collision. The facts in the record clearly indicate that Ms. Desselle pulled out in front of Ms. Tynes, who

was traveling on the favored street under adverse conditions.  Both drivers were at fault in this accident.  At the very least, I would allocate fifty percent of the fault to Ms. Desselle and fifty percent of the fault to Ms. Tynes.

Therefore, I respectfully dissent and would reverse the trial court's allocation of fault.