# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-486

MELISSA VALOIS, ET AL.

VERSUS

VILLAGE OF MOREAUVILLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5141
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Rodney M. Rabalais
Attorney at Law
Post Office Box 447
Marksville, Louisiana 71351
(318) 253-4622
Counsel for Plaintiffs/Appellees:
    Melissa Valois
    Donovan Bordelon
    Shelley Valois

Karen Day White
Attorney at Law
700 North Tenth Street, Suite 440
Baton Rouge, Louisiana 70802
(225) 332-7631
Counsel for Defendant/Appellant:
    Village of Moreauville

**KEATY, Judge.**

Defendant appeals from a judgment in favor of Plaintiffs declaring Defendant vicariously liable for damages arising out of Mayor Lionel Bordelon's (Mayor Bordelon) actions in providing unreliable information which Plaintiffs relied on to their detriment. Damages in the amount of $53,706 were awarded. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs, Melissa Valois, Donovan Bordelon, and Shelley Valois, allegedly formed an informal partnership around the fall of 2009 for the purposes of developing a trailer park within the Village of Moreauville (the Village). As part of their construction project, Plaintiffs desired to install sewage drainage lines and contacted the Village to arrange for an inspection of their proposed lines. The Village generally relies on three private inspectors to ensure compliance with the Village's sewer use and water ordinances. In this case, there were no inspectors available at the time that Plaintiffs requested an inspection, so Mayor Bordelon inspected the property. Plaintiffs did not hire a contractor or plumber to install the drainage lines for their commercial venture. Instead, Plaintiffs undertook to complete all of the necessary construction themselves.

Mayor Bordelon inspected the proposed commercial site on several occasions, usually after the installation of each stretch of line had been completed. Mayor Bordelon advised Plaintiffs that the finished drainage configuration, as installed by Plaintiffs, complied with the Village's sewer use ordinance.

Plaintiffs alleged that sometime in early 2011, once the sewage and water lines were completed, they discovered through an opinion of surveyor Jessie Lachney (Mr. Lachney) that the configuration of the lines in all likelihood would not be acceptable to the Louisiana Department of Health and Hospitals (DHH). At

the time of the trial of this matter, DHH had never inspected the site nor denied Plaintiffs a permit, as Plaintiffs had never submitted any plans to the DHH for review. Nonetheless, upon speaking with Mr. Lachney, Plaintiffs ceased construction at the commercial site.

Plaintiffs subsequently filed suit against the Village seeking monetary damages. Following a bench trial, the trial court ruled in favor of Plaintiffs. Defendant now appeals, contending the trial court was incorrect in granting Plaintiffs damages due to their reliance on Defendant's representations to their detriment.

## DISCUSSION

An appellate court may not set aside a trial court's finding of fact in the absence of clear or manifest error. *Lewis v. State, through Dep't of Transp. and Dev.*, 94-2370 (La. 4/21/95), 654 So.2d 311. The issue to be resolved by the appellate court is not whether the trier of fact was right or wrong but whether the fact finder's conclusion was a reasonable one. *Id.* The fact finder's choice between two conflicting permissible views of the evidence cannot be manifestly erroneous. *Stobart v. State, through the Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). Where the testimony conflicts, the fact finder's reasonable evaluations and reasonable inferences of fact should not be disturbed upon review by the appellate court. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

### I. Immunity under La.R.S. 9:2798.1

Defendant alleges the trial court erred in failing to consider whether the Village was entitled to immunity pursuant to La.R.S. 9:2798.1 and in not finding that the Village is entitled to said immunity. Defendant contends that once the Village has proven the applicability of the immunity, which Defendant contends it has proven, the burden is upon Plaintiffs to defeat the Village's entitlement to

immunity. To do so, Defendant alleges Plaintiffs must prove that Mayor Bordelon's actions during this inspection process constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." Defendant contends there is no evidence to that effect. As such, Defendants insist that Plaintiffs' claims against the Village based on the doctrine of *respondeat superior* should be dismissed pursuant to this statutory immunity.

Plaintiffs allege the trial court did not err in refusing to grant the Village immunity under La.R.S. 9:2798.1. Louisiana Revised Statutes 9:2798.1 provides, in pertinent part:

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

The issue in the present matter is whether Mayor Bordelon stepped outside of the parameters created by La.R.S. 9:2798.1 when he allegedly took the role of sewage inspector. The record contains a copy of Section 1.22 of the Village's sewage use ordinance, Ordinance # 12, which provides for a superintendent of water and sewage. With respect to the foregoing ordinance, Mayor Bordelon testified at trial as follows:

> Q. Okay. And the ordinances of the Village of Moreauville say that there's supposed to be a Sewer . . . or Sewage Superintendent. And I understand that at the time she made an application and during her initial construction phase that you did not have a sewage superintendent. You were also kind of in between at that time. Correct?
>
> A. That is correct, sir.
>
> Q. And you individually filled in that role?
>
> A. Yes, sir.
>
> . . . .

3

Q.  Yes, sir.  And Missy [Melissa Valois] would call you from time to time to come out so you could inspect what they had done?

A.  Yes.  They did it in phases.

. . . .

Q.  And then you did a final inspection as well and you told them that everything was okay?

A.  Yes.

Based upon the above testimony contained in the record, we conclude that Mayor Bordelon stepped outside of these parameters when he took on the role of sewage inspector, a position that should have been assigned to someone else under the Village's sewer ordinance.  Under these circumstances, the trial court did not err in refusing to grant the Village immunity under La.R.S. 9:2798.1.

## II. <u>Detrimental Reliance</u>

Defendant contends the trial court erred in finding that the Village was liable for damages based on the theory of detrimental reliance.  Defendant argues that had the trial court considered the Village's discretionary immunity defense and determined that it was not applicable, then the trial court should have analyzed Mayor Bordelon's conduct under the duty-risk analysis.  Under that analysis, Defendant alleges that there is no evidence to support Plaintiffs' claim that Mayor Bordelon owed a duty to Plaintiffs to either advise them of other regulations that may govern their proposed water and drainage layout or to ensure that the drainage layout would comply with state regulatory provisions.  On the other hand, Defendant insists there is evidence to establish that any duty to confect Plaintiffs' drainage lines in a way that comports with parish and state regulations rests solely with Plaintiffs.  Plaintiffs disagree and allege that the trial court did not err in finding the Village liable for damages.

4

Louisiana courts have consistently held that a party must establish three elements by a preponderance of the evidence in order to demonstrate that they are entitled to recover damages for detrimental reliance: (1) representation by conduct or word; (2) a justifiable reliance in that representation; and (3) a change in position to their detriment because of that reliance. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So.2d 37.

The trial transcript contains the following testimony of Melissa Valois:

A. I contacted the City of Moreauville and asked who did I need to speak to about developing and they told me I had to contact Mr. Lionel Bordelon.

. . . .

A. I told him what I wanted to do and he said I had to meet with the Council and see what they had to say about it, and that we had to get with him and he would tell us exactly what we needed to do, and draw up a set of plans and submit it to him. And then we could begin construction and he would come out and inspect as we did each thing and gives us the approval. And whenever it was completed then we could go on and turn on the water and hook everything to the sewage and water.

. . . .

A. I did have to go to three town meetings. They told me I had to contact . . . to go to three town meetings to make sure that everyone agreed and I went to the meetings, did what I had to do, and then that was it. No one else . . . he told me I didn't have to contact anyone else cause it was in the City of Moreauville and it had to go by what he told me to do.

Melissa further testified that Mayor Bordelon never advised her that she needed to turn in an application to the State. Based upon her conversations with Mayor Bordelon, Melissa was under the impression that she only needed to comply with Mayor Bordelon's instructions in order to hook up the sewer drainage lines. Once Melissa informed Mayor Bordelon that their installation of the sewer drainage lines was complete, Mayor Bordelon allegedly said he needed a few days

to look over everything prior to allowing the sewer drainage lines to be hooked up to the Village.

After a few days, Mayor Bordelon allegedly told Melissa that the State would not allow Plaintiffs to hook up the sewer drainage lines until they supplied the State with a water sample. Melissa subsequently contacted Mr. Chris Soileau who further advised that he could not take a water sample until she presented licensed engineering drawings of the sewer drainage lines which were placed into the ground. Melissa testified that Mayor Bordelon never advised her of the necessity of licensed engineering drawings.

The trial transcript also contains the following testimony of Mayor Bordelon, the mayor of Moreauville for thirty-two years. Mayor Bordelon testified that he individually filled the role as the sewage superintendent at the time Melissa contacted him regarding her plan for the trailer park. Mayor Bordelon further testified:

Q. And at all times you okayed all of the work that you looked at?

A. That I looked at. Yes.

. . . .

Q. You never said this is out of compliance or anything's out of compliance?

A. No, sir.

. . . .

Q. Okay. Now, it is accurate that you never told Missy, or Donovan, or Shelley that they needed Parish approval for anything?

A. No, sir.

Q. That's true?

A. That is true.

6

Q. And it's also true that you did not tell Missy, Donovan, or Shelley that they needed to get any approval from the State?

A. True.

The testimony of Melissa and Mayor Bordelon was sufficient for the trier of fact to find liability in this case. Mayor Bordelon assumed the role of sewage and water expert, guided Plaintiffs in what needed to be done, and Plaintiffs suffered delays in their project and had to abandon what they had done to re-work the entire project. Further, Plaintiffs were justified in relying on Mayor Bordelon's representations as he had been mayor for many years.

Based on the foregoing testimony, we are convinced the trial court did not err in finding the Village liable for damages based on the theory of detrimental reliance.

## III. Damages

Defendant alleges the trial court erred in awarding Plaintiffs damages for the rental of a track hoe, delivery of sand, labor costs, and lost rentals in the absence of any credible evidence to support the same. Plaintiffs contend the elements of damages were proven through testimony, and the trial court's findings should not be disturbed.

As mentioned above, an appellate court may not set aside a trial court's finding of fact in the absence of clear or manifest error. *Lewis*, 654 So.2d 311. Special damages must be proven by plaintiffs through reliable evidence. *Wainwright v. Fontenot*, 00-492 (La. 10/17/00), 774 So.2d 70.

The trial transcript contains the testimony of Melissa regarding the damages Plaintiffs allegedly sustained. Melissa testified that she spent $960 on renting a track hoe which was utilized to dig. She provided invoices for materials which totaled to $6,176. Melissa testified that she purchased sandy dirt for $280 that had

to be laid in the ground prior to laying the lines. She further testified that the labor performed by co-Plaintiff, Donovan, amounted to $12,480. Melissa also testified as to the loss of rentals and/or the amount she would have charged to tenants had she been successful in the trailer park business. She estimated lost rentals to be $33,810.

The trial transcript also contains the testimony of Mr. Wendall Guillot, a plumbing contractor Melissa hired to inspect the property and advise what steps needed to be taken to remedy the situation. In order to comply with DHH sewage and water regulations for trailer parks, Mr. Guillot opined that he would have to undo and dig up the work performed by Plaintiffs at a cost of $6,000 to $7,000. Such a task would take approximately two to three days and would require the work of a couple of workers plus equipment.

The elements of damages were proven through Melissa's and Mr. Guillot's credible testimony. Based on the foregoing testimony, we cannot say that the trial court was manifestly erroneous in awarding Plaintiffs damages for the rental of a track hoe, delivery of sand, labor costs, and lost income rentals.

## DECREE

The record evidence establishes that the Village is not entitled to immunity under La.R.S. 9:2798.1. The evidence further shows that Plaintiffs relied on Mayor Bordelon's representations to their detriment. As a result of their detrimental reliance, Plaintiffs suffered damages.

The judgment of the trial court is affirmed. All costs of this appeal are assessed against the Village.

**AFFIRMED**.

8