834 So.2d 518 (2002)
Elmer R. DROUANT, Jr.
v.
Martin JONES and AllState Insurance Company.
No. 2002-CA-0356.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 2002.
*519 Robert W. Drouant, New Orleans, LA, for Plaintiff/Appellee.
James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge JAMES F. McKAY, III).
JOAN BERNARD ARMSTRONG, Judge.
This is an automobile personal injury case. The trial court found liability and awarded damages. In addition, the trial court found that the defendant driver was intoxicated and that he was willful and malicious. These latter two findings are relevant to the defendant driver's bankruptcy proceedings. The defendant appeals as to those latter two findings and also as to the general damages awarded. As we find that the trial court was not clearly wrong-manifestly erroneous as to the findings of intoxication and willful malice, and as those issues have now been decided adversely to the appellant in the bankruptcy proceeding, and because we find no abuse of discretion as to the amount of general damages, we will affirm.
Defendant-appellant Martin Jones was driving on a divided highway. A non-party eyewitness, Cherie Pons Gunther, observed Mr. Jones' pickup truck swerve across the median into the lanes for oncoming traffic over a period of ten or fifteen minutes. It appeared to her that the Jones' vehicle was being driven by an intoxicated driver. Eventually, on one of the occasions where Mr. Jones swerved into the lanes for oncoming traffic, he had a head-on collision with the vehicle driven by plaintiff-appellee Elmer D. Drouant, Jr. The result was severe injuries, described further below, to Mr. Drouant.
At the scene of the accident, Ms. Gunther suggested to the investigating police officer that Mr. Jones be field tested for alcohol but that was not done. The investigating officer was deceased as of the time of trial so it is not known why he did not perform a field sobriety test. The police report contained no indications for alcohol but did note that Mr. Jones was combative. Mr. Jones, who also was injured, was taken to Charity Hospital. The EMT and *520 Charity Hospital records state that Mr. Jones was combative. Eventually, the day after the accident, at an unknown time of day, Mr. Jones was given a urine test which was negative for alcohol. There was no expert testimony as to whether the negative urine test the next day was indicative as to intoxication at the time of the accident. Empty beer cans were observed in the back of Mr. Jones' pickup truck.
Mr. Jones denied drinking alcohol on the day of the accident. He testified that he is a diabetic and that the last thing he remembers prior to the accident is working on his truck and that the next thing he remembers is waking up in the hospital. He suggests that he must have had a diabetes-related blackout which caused the accident. There was no medical testimony about the diabetes. The trial court specifically found Mr. Jones' credibility to be "very questionable". The trial court also found in its written Reasons For Judgment that: "The evidence of his [Mr. Jones'] behavior is one of intoxication and nothing else."
We may disturb the trial court's factual finding that Mr. Jones was intoxicated only if that finding was clearly wrong-manifestly erroneous. E.g. Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670, 675; Lewis v. State, DOTD, 94-2370 (La.4/21/95), 654 So.2d 311, 314. The question is whether, in light of the record as a whole, the trial court's finding was reasonable. Id. Also, we have held in prior cases that, even absent a positive alcohol test, a driver's intoxication can be proven by the circumstances. Lacoste v. Crochet, 99-0602 (La.App. 4 Cir. 01/05/00), 751 So.2d 998, 1004; Owens v. Anderson, 93-1566 (La.App. 4 Cir. 1/27/94), 631 So.2d 1313, 1317-1318. Based upon the record as a whole, including the factual circumstances described above, and giving proper deference to the trial court's evaluation of credibility, we cannot say that the trial court was clearly wrong-manifestly erroneous in finding that Mr. Jones was intoxicated.
Additionally, in Mr. Jones' bankruptcy proceeding, the Bankruptcy Court, some months after the trial below in this case, held a hearing on an opposition to the discharge of Mr. Jones. The Bankruptcy Court specifically found that Mr. Jones willfully and maliciously injured Mr. Drouant and that Mr. Jones was intoxicated at the time of the accident. The time for appeal of that Bankruptcy Court decision has long since passed. Bankruptcy Rule 8002. The decisions of the Bankruptcy Court must be given res judicata or collateral estoppel effect. E.g., Samour v. Louisiana Casino Cruises, Inc., XXXX-XXXX (La.App. 1 Cir. 2/27/02), 818 So.2d 171. For this reason also, we do not disturb the trial court's finding that Mr. Jones was intoxicated.
Mr. Jones also argues on appeal that the trial court's award of general damages was excessive and should be reduced. The trial court made the following findings of fact, which are not disputed on appeal, as to Mr. Drouant's injuries:
Plaintiff, Elmer Drouant, at age 69, was stuck [seq.] with such force he had to be cut out of his auto. He was unconscious when he was taken by ambulance to the hospital and remained there for approximately two months. In addition to massive internal injuries he sustained a fracture of every bone in his right foot, which required four (4) surgeries, pins being implanted in his foot, only some of which have been removed as of this trial date. This same foot, seven years later, still drains and must be changed twice a day every day. Further, if he walks to an extent, his foot bleeds and this medically *521 cannot be corrected, short of amputation. Mr. Drouant also had 4 broken ribs, a broken sternum, a broken kneecap, a broken nose, a cut on his entire nose from the top to the tip end exposing the bone, a nose operation, and a severe concussion rendering him unconscious with consciousness returning only when he was in the hospital and a nose operation. This Air Force pilot plaintiff worked 40 hours per week prior to this accident and he can no longer do that. He cannot fish, shrimp or hunt despite having his own boat and a strong desire to do those things; he can no longer jog nor walk to any extent and must wear foot sandals or be in severe pain. In addition to the above, his short term memory has been affected and his life style at his Venetian Isle home is far removed from his active pre-accident life.
Also, the trial court noted that Mr. Drouant's stipulated medical bills were $144,834.07 as of the time of trial.
An award of general damages may be disturbed upon appeal only if the trial court abuses it vast discretion. E.g. Duncan v. Kansas City Southern Railway Co., 00-06 (La.10/30/00), 773 So.2d 670, 682-83; Wainwright v. Fontenot, 00-0492 La.10/17/00), 774 So.2d 70, 74. Based upon the extent of the injuries to Mr. Drouant, we cannot say that the trial court's award of general damages was an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., concurring with reasons.
MURRAY, J., concurring with reasons.
Although I agree with the result, I write separately to address the statement that this court is bound to give res judicata effect to a decision of the bankruptcy court made after the issue was decided by a district court although the latter decision was not yet final. That statement addresses Mr. Drouant's exception of res judicata, which was filed in this court. In that exception, Mr. Drouant argues that the bankruptcy court's April 17, 2002 ruling that Mr. Jones' actions were willful and malicious and that he was intoxicated is dispositive and that those issues should be dismissed as res judicata or moot. The bankruptcy court's ruling was made after the district court's ruling on review before us. Indeed, the district court's ruling likely influenced the bankruptcy court's ruling. It follows then, as Mr. Jones argues, that the res judicata exception is procedurally incorrect.
Given that punitive damages are not being sought in this tort action, the issues of willful and malicious actions and intoxication are relevant solely to Mr. Jones' entitlement to have the trial court's judgment discharged in bankruptcy.
In sum, I do not agree that the bankruptcy court's ruling made subsequent to the district court's decision, yet prior to this appeal, is entitled to any res judicata effect.