1 JAMES F. MeKAY III, Judge.
The defendants, David Ripoll and his insurer, Progressive Security Insurance Company, devolutively appeal the judgment awarding the plaintiff, Barbara Lyons, general and exemplary damages. We affirm.
FACTS AND PROCEDURAL HISTORY
On August 16, 1997, Barbara Lyons was driving south on Rowley Boulevard in Chalmette. She crossed the intersection and turned onto St. Bernard Highway on a green light. David Ripoll was traveling west on St. Bernard Highway. Mr. Ripoll ran a red light and struck Ms. Lyons’ car. Ms. Lyons had to be extricated from her car and was transported by ambulance to Charity Hospital. At the time of the accident, Mr. Ripoll was leaning over searching for a compact disc. Prior to the accident, Mr. Ripoll, who weighs 160 pounds, had consumed one 16-ounce beer and two 12-ounce beers. Mr. Ripoll was also arrested for DWI after the accident.
As a result of the accident, Ms. Lyons suffered multiple facial contusions, internal injuries, and broken bones, including multiple fractures to the pelvis. Her | ^injuries required emergency surgery to repair her internal injuries and another surgical procedure for her pelvis as well as a third surgical procedure for a blood clot that subsequently developed. After the accident, Ms. Lyons spent about three weeks in the hospital. She also could not walk for six months after the accident. Due to her condition, she was unable to care for herself or her teenage son and she had to move in with her mother, who along with her teenage son, cared for her during this time. Ms. Lyons is still experiencing residual pain from her injuries.
On October 30, 1997, Ms. Lyons filed suit against Mr. Ripoll and his insurer, Progressive Security Insurance Company.[1] A bench trial was held on June 2, 2003. The parties agreed to stipulate to liability so the trial court only considered the issue of damages. On August 28, 2003, the trial court awarded Ms. Lyons $500,000.00 in general damages, $100,000.00 in exemplary damages and $52,612.79 in medical expenses.[2] It is from this judgment that the defendants appeal.
DISCUSSION
On appeal, the defendants raise the following assignments of error: “1) the trial court committed manifest error when it held that the evidence established that defendant Ripoll was intoxicated and relied upon the inadmissible hearsay evidence and opinions unsupported by any established scientific methodology, and that the other elements for an award of exemplary damages, under Louisiana Civil 13Code Ar- *127 tide 2315.4, were present in this case; 2) the trial court abused its discretion when it made an award for general damages in the abusively high amount of $500,000.00; 3) the trial court erred, as a matter of law, when it made an award for “Present, and Future Exemplary Damages,” when the purpose for such awards is to punish past conduct and, by that punishment (not continued punishment), deter future similar acts; and 4) the trial court abused its discretion when it made an award for exemplary damages, assuming arguendo that any award should have been made therefore, when the award of $100,000.00 was abusively high under the circumstances of the instant case.”
A trial court may award exemplary damages upon proof that “the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause-in-fact of the resulting injuries.” La. C.C. art. 2315.4. Recovery of such damages requires proof of three elements: (1) that the defendant was intoxicated or had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties; (2) that the intoxication was a cause-in-fact of the resulting injuries; and (3) that the injuries were caused by the defendant’s wanton or reckless disregard for the rights and safety of others. Lafauci v. Jenkins, 2001-2960, p. 7 (La.App. 1 Cir. 1/15/03), 844 So.2d 19, 25. Louisiana courts have recognized that a driver’s intoxication may be proven by circumstances even absent a positive alcohol test. See Drouant v. Jones, 2002-0356, p. 3 (La.App. 4 Cir. 11/26/02), 834 So.2d 518, 520. The decision to award ^exemplary damages under La. C.C. art. 2315.4 rests within the sound discretion of the trier of fact. Khaled v. Windham, 94-2171, p. 12 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, 681.
In the instant case, the trial court found that Mr. Ripoll was intoxicated and that his intoxication was a cause-in-fact of the accident. In reaching these conclusions, the trial court relied upon the deposition testimony of the investigating officer, Trooper Tim MeGruder, as well as other facts. Mr. Ripoll had consumed 40 ounces of beer in the two to three hour time period just prior to getting behind the wheel of his car; Mr. Ripoll also weighed 160 pounds. At the time of the accident, Mr. Ripoll was bent over searching for a compact disk and didn’t even see Ms. Lyons’ car or the red light. Mr. Ripoll admitted these actions. Given these factors, it was reasonable for the trial court to find that Mr. Ripoll was intoxicated and that his intoxication was a cause-in-fact of the accident. As such, an award for exemplary damages was proper.
The discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). In the instant case, Ms. Lyons suffered multiple facial |ficontusions, internal injuries, and broken bones, including multiple fractures to the pelvis. Her injuries necessitated three surgical procedures. She spent approximately three weeks in the hospital and was unable to walk for six months after the accident. Considering the effects of the particular *128 injuries to Ms. Lyons under the circumstances of this case, a general damage award of $500,000.00 was not beyond that which a reasonable trier of fact could assess in this case. Accordingly, we find no abuse of discretion in the trial court’s award of general damages.
Exemplary damages are given to a plaintiff over and above the full compensation for her injuries for the purpose of punishing the defendant, of teaching the defendant not to do it again, and of deterring others from following the defendant’s conduct. Mosing v. Dumas, 2002-0012, p. 15 (La.10/15/02), 830 So.2d 967, 978. In Mosing, the Louisiana Supreme Court considered the following factors to review and uphold a $500,000.00 exemplary damage award: (1) the nature and extent of the harm to the plaintiff; (2) the wealth or financial situation of the defendant; (3) the character of the conduct involved; and (4) the extent to which such conduct offends a sense of justice and propriety. Id. at 977. Furthermore, the trial court has much discretion in setting the amount of exemplary damage awards. Selvage v. Robert Levis Chevrolet, Inc., 98-197, p. 11 (La.App. 5 Cir. 9/16/98), 719 So.2d 1088,1093.
Ifiln the instant case, the trial court awarded $100,000.00 in exemplary damages.[3] Considering the nature and extent of harm to Ms. Lyons and the fact that the trial court awarded $500,000.00 in general damages, this award does not seem to be exceedingly high. In any event, the award in no way appears to be an abuse of the trial court’s discretion.
CONCLUSION
In light of the record before this Court, the trial court’s findings that Mr. Ripoll was intoxicated and that his intoxication was a cause-in-fact of the accident appear reasonable. The awards of $500,000.00 in general damages and $100,000.00 in exemplary damages also appear reasonable. Therefore, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. Ms. Lyons also sued her uninsured/underin-sured motorist carrier, State Farm Insurance Company. State Farm settled with the plaintiff before trial and was dismissed from the suit.

. The trial court amended its judgment pursuant to La. C.C.P. art. 1951. The amended judgment reflected the appearance of Renee McGinty on behalf of defendants and Kim Chatelain on behalf of Charity Hospital. It also acknowledged that Progressive deposited into the registry of the court interest, court costs, and its policy limits ($10,000.00) on behalf of Mr. Ripoll. These amendments did not alter the substance of the judgment.

. The trial court’s judgment awarded a lump sum of $100,000.00 for what it labeled "Past, Present and Future Exemplary Damages.” This label is erroneous. Exemplary damages are by their very nature punitive and are designed to have a deterrent effect on a defendant or others from acting in the same way. Because the trial court awarded a lump sum for exemplary damages, the trial court's erroneous classification can be overlooked as an oversight or mistake. However, if separate awards had been made for past, present and future damages, such a conclusion could not have been so easily reached.