PER CURIAM
*192 Relators, Bryce W. Hotard Sunbelt Rentals, Inc., and Travelers Property and Casualty Company of America, filed a motion for partial summary judgment requesting dismissal of plaintiff's punitive damage claims under La. Civ. Code art. 2315.4. A divided five-judge panel of the court of appeal denied writs. Relators now seek relief in this court.
The general public policy in Louisiana is against punitive damages. Ross v. Conoco, Inc. , 02-0299 (La. 10/15/02), 828 So.2d 546, 555. Even when a statute does authorize the imposition of punitive damages, it is strictly construed. Chauvin v. Exxon Mobil Corp. , 2014-0808 (La. 12/9/14), 158 So.3d 761, 768.
In order to establish a claim for exemplary damages under La. Civ. Code art. 2315.4, party must establish the following elements: (1) that the defendant was intoxicated or had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties; (2) that the intoxication was a cause-in-fact of the resulting injuries; and (3) that the injuries were caused by the defendant's wanton or reckless disregard for the rights and safety of others. Lyons v. Progressive Ins. Co. , 03-2163 (La. App. 4 Cir. 7/21/04), 881 So.2d 124, writ denied , 04-2164 (La. 11/19/04), 888 So.2d 209.
In the instant case, it is undisputed that plaintiff is unable to establish any direct evidence that the other driver, Mr. Hotard, was intoxicated. Rather, plaintiff relies on circumstantial evidence, citing his own testimony that Mr. Hotard was nervous, sweaty and had "droopy" eyes. However, plaintiff also testified that Mr. Hotard did not smell of alcohol nor was his speech impaired. He further admitted he did not "even want to assume" that Mr. Hotard was intoxicated.
If circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. Rando v. Anco Insulations Inc. , 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1090. As relators point out, plaintiff's testimony indicating that Mr. Hotard was nervous, sweaty and had "droopy" eyes does not exclude other reasonable explanations for such symptoms other than intoxication. Indeed, respondent candidly acknowledged he could not assume Mr. Hotard was intoxicated.
Alternatively, plaintiff asserts he is entitled to the adverse presumption of spoliation because Mr. Hotard violated his employer's policy by not reporting the accident and submitting to a blood test. The adverse presumption applies against litigants who had access to evidence and did not make it available or destroyed it. Reynolds v. Bordelon , 2014-2362 (La. 6/30/15), 172 So.3d 589, 600. In this case, there is no allegation that evidence was destroyed or plaintiff was denied access to evidence. Therefore, the adverse presumption is inapplicable.
If the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, *193 there is no genuine issue of material fact and summary judgment will be granted. La. Code Civ. P. art. 966(D)(2) ; Bufkin v. Felipe's Louisiana, LLC , 2014-0288 (La. 10/15/14), 171 So.3d 851, 854 ; Schultz v. Guoth , 10-0343 (La.1/19/11), 57 So.3d 1002, 1006. Plaintiff is unable to produce factual support sufficient to establish he can satisfy his burden of proving Mr. Hotard was intoxicated at the time of the accident. Therefore, summary judgment in relators' favor on this issue is mandated.
Accordingly, the writ is granted. The judgment of the district court is reversed, and partial summary judgment is hereby granted in favor of relators, dismissing plaintiff's claims under La. Civ. Code art. 2315.4 with prejudice. The case is remanded to the district court for further proceedings.
HUGHES, J., would deny.